## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01873-DDD-NYW

JULIE ADAMS CURTIS,

      Plaintiff,

v.

LEVER UP INC.,
PAKEMS LLC,
CHASEFIELD CAPITAL INC.,
CHASEFIELD REAL ESTATE, LLC,
SCB GLOBAL CAPITAL MANAGEMENT, LLC,
BOCCUS GROUP LLC,
HAROLD PINE,
WALTER VAN WOUDENBERG,
RUSS MATTHEWS,
JORDAN PINE,
KELLIE BEIERS,
SETH EVERSON, and
JOHN DOES 1-10,

      Defendants.

---

## ORDER

---

This matter is before the court on the Motion for Extensions of Time (the "Motion for an Extension of Time") [Doc. 157] filed on September 3, 2021 by Plaintiff Julie Adams Curtis ("Ms. Curtis" or "Plaintiff") and the Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (the "Motion for Protective Order") [Doc. 167] filed on September 10, 2021 by the Defendants Lever Up, Inc., Pakems, LLC, Chasefield Capital, Inc., Chasefield Real Estate, LLC, Harold Pine, Walter van Woudenberg, Jordan Pine, and Kellie Beiers (collectively, the "Chasefield Defendants"). The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 25, 2020 [Doc. 4], and the Orders Referring Motions dated September 9, 2021 and September 13,

2021 [Doc. 163; Doc. 168].  The court ordered all Defendants to respond to Plaintiff's Motion for an Extension of Time on or before September 15, 2021.  [Doc. 165].  The Chasefield Defendants responded on September 10, 2021 [Doc. 166], while Defendants Boccus Group LLC and Seth Everson (collectively, the "Boccus Group Defendants") responded on September 15, 2021.  [Doc. 171].  Also on September 15, 2021, Defendants SCB Global Capital Management, LLC and Russ Matthews (collectively, the "SCB Defendants") filed a motion to join in the Chasefield Defendants' response to the Motion for an Extension of Time.  [Doc. 170].[1]  No response has been filed to the Motion for Protective Order.[2]  For the following reasons, the Motion for an Extension of Time is **GRANTED in part** and **DENIED without prejudice in part** and the Motion for Protective Order is **DENIED**.

## BACKGROUND

This court has previously set out the factual and procedural background of this case in detail, *see, e.g.*, [Doc. 155], and will do so here only as necessary to rule on the pending Motions. Plaintiff initiated this civil action on June 25, 2020, [Doc. 1] and filed an Amended Complaint on October 22, 2020, raising eighteen claims against the various Defendants.  [Doc. 78].[3]  This court

---

[1] This filing was styled as "SCB Defendants' Joinder to Response to Plaintiff's Renewed Motion for Extension of Time (Doc. 157)" but was filed on the electronic filing system as a motion.  [Doc. 170].  The court **CONSTRUES** this filing as a Motion for Joinder.  This Motion for Joinder was referred to the undersigned on September 20, 2021.  [Doc. 172].  The court hereby **GRANTS** this Motion for Joinder and considers the Chasefield Defendants' response incorporated by reference to the SCB Defendants' response.  Throughout this Minute Order, the court refers only to this joint response as the Chasefield Defendants' Response.

[2] A motion may be ruled on "at any time after it is filed."  D.C.COLO.LCivR 7.1(d).

[3] Specifically, Plaintiff raises the following claims: (1) violation of the Stored Communications Act; (2) violation of the Federal Wiretap Act; (3) violation of the Computer Fraud and Abuse Act; (4) invasion of privacy; (5) gender discrimination in violation of the Colorado Anti-Discrimination Act ("CADA"); (6) aiding and abetting a sexually hostile work environment in violation of CADA; (7) disability discrimination in violation of CADA; (8) retaliation in violation of CADA; (9) wrongful discharge in violation of public policy; (10) outrageous conduct; (11) breach of duty of loyalty; (12) intentional interference with prospective business advantage; (13) conspiracy;

held a Scheduling Conference on November 3, 2020 [Doc. 81] and entered a Scheduling Order that same day.  [Doc. 82].  The Scheduling Order contained the following deadlines: joinder of parties and amendment of pleadings for January 29, 2021; affirmative experts for March 1, 2021; rebuttal experts for April 1, 2021; Rule 702 motions for May 3, 2021; discovery for July 1, 2021; and dispositive motions for August 1, 2021.  [*Id.* at 11-12].

Almost immediately after the entry of the Scheduling Order, the Parties began appearing before this court on a series of discovery disputes.  *See, e.g.*, [Doc. 97; Doc. 142; Doc. 143].  In addition, the Parties began seeking and obtaining extensions of time from the court to complete discovery-related tasks.  *See, e.g.*, [Doc. 113; Doc. 119; Doc. 121; Doc. 125; Doc. 133; Doc. 142].  Relevant here, this court has extended the Rule 702 motions deadline twice [Doc. 119; 125] and the discovery and dispositive-motion deadlines once [Doc. 125].  With each of these extensions, the court informed the Parties that no further extensions of these deadlines would be granted absent extraordinary circumstances.  *See* [Doc. 119; Doc. 125].

Most recently, Ms. Curtis filed two motions for a protective order [Doc. 146, filed August 19, 2021; Doc. 149, filed August 23, 2021], the first seeking a protective order preventing the deposition of Ms. Curtis's minor son, Bodie Curtis ("B.C."),[4] on the basis that the deposition would be harassing and necessary due to the provision of a declaration from B.C., *see generally* [Doc. 146], and the second seeking to prevent her own deposition from going forward as scheduled on

---

(14) intentional interference with contractual relations; (15) defamation; (16) promissory estoppel; (17) breach of covenant of good faith and fair dealing; and (18) alter-ego liability.  *See generally* [Doc. 78].  It is not entirely clear which Defendants are subject to each of Plaintiff's substantive claims.  *See generally* [*id.*].

[4] Though Rule 5.2 of the Federal Rule of Civil Procedure provide for the use of initials for the identification of minors in court papers, Fed. R. Civ. P. 5.2(a)(3), Plaintiff has consistently identified her son by his full name both orally on the record and also in the Motion for Protective Order.  *See*, *e.g.*, [Doc. 146 at 1].  The court elects to use B.C.'s initial throughout this Order.

August 24, 2021 due to an unanticipated work conflict with her new job. *See generally* [Doc. 149].

This court denied the motion for a protective order as to B.C., finding that it was "appropriate and

not overly burdensome for Defendants to take B.C.'s deposition," given the fact that Plaintiff has

alleged, among other things, that some or all Defendants hacked into her personal electronic

devices, and that B.C. was one of only very few individuals who undisputedly had access to Ms.

Curtis's electronic devices and her home network. [Doc. 155 at 9]. The court instructed the Parties

to meet and confer regarding whether it would be appropriate to set limitations as to the scope or

manner of B.C.'s deposition, given his age. [*Id.* at 10]. In addition, the court granted in part and

denied in part Plaintiff's second motion for a protective order, finding that the motion was moot

as to the Chasefield Defendants' deposition of Plaintiff due to their representation that they had

rescheduled the deposition, [*id.*], and granting the motion as to the Boccus Group Defendants'

deposition only upon concluding that, because the Boccus Group Defendants did not respond to

the motion by this court's ordered deadline, *see* [Doc. 151], the motion was either unopposed or

those Parties had agreed to a similar rescheduling of Plaintiff's deposition. [Doc. 155 at 10-11].

Around this same time, Ms. Curtis, the Chasefield Defendants, and the Boccus Group

Defendants moved for an extension of time of the discovery deadline, the dispositive motions

deadline, and the Rule 702 motions deadline to October 15, 2021 on the basis that "the parties

need[ed] additional time to complete discovery and a trial date ha[d] not yet been set." [Doc. 148

at ¶ 5]. This court denied this motion for lack of good cause shown. [Doc. 155 at 13]. Specifically,

the court found that no Party had attempted to address any type of diligence necessitating an

extension of time, explain why the Parties were unable to complete discovery despite this court's

prior extensions, or set forth what discovery remained outstanding. [*Id.*]. The court specifically

directed the Parties that, should they elect to renew their motion for an extension of time, they

"should articulate the basis for good cause; what <u>specific</u> discovery remains outstanding (including any unresolved discovery disputes); a schedule with particular dates, times, and locations for outstanding depositions that will then be ordered by the court; and any limitations attendant to the deposition of B.C."  [*Id.* (emphasis in original)].

Nevertheless, the Parties continue to have discovery disputes and seek extensions of time to the pretrial schedule.  On September 3, 2021, Plaintiff filed the instant Motion for an Extension of Time.  [Doc. 157].  Although the Chasefield Defendants and the Boccus Group Defendants previously joined in a request for an extension of time, *see* [Doc. 148], Plaintiff represents that no Defendants join in her present request.  [Doc. 157 at ¶¶ 7-8].  Plaintiff seeks an extension of time of the 702 motions deadline, the discovery deadline, and the dispositive-motions deadline to November 1, 2021, [*id.* at 8], primarily on the basis that 15 depositions are still outstanding in this case—B.C., the 12 Defendants, and two experts.  [*Id.* at 7].  In their Response, the Chasefield Defendants ask the court to deny Plaintiff's Motion for an Extension of Time, but simultaneously ask this court to extend:  (1)  the discovery deadline to October 1, 2021 to permit them to complete the deposition of B.C.; to continue the examination of Plaintiff; and to depose Plaintiff's expert, Michael Saylor ("Mr. Saylor"); and (2) the deadlines for Rule 702 motions and dispositive motions to November 1, 2021.  [Doc. 166].  Similarly, the Boccus Group Defendants request that the court deny Plaintiff's Motion for an Extension of Time but, in the same filing, ask the court to extend: (1) the discovery deadline to October 15, 2021 to permit them to continue the examination of Plaintiff; to complete a deposition of B.C.; and to take a deposition of Mr. Saylor; and (2) the deadlines for dispositive and Rule 702 motions to November 1, 2021.  [Doc. 171 at 8].

In addition, the Chasefield Defendants filed a Motion for Protective Order "to prevent Plaintiff from taking her recently noticed 13[] full-day depositions."  [Doc. 167 at 1].  The

5

Chasefield Defendants represent that Plaintiff waited until August 27, 2021, just five days before the September 1 discovery deadline, to notice depositions for all Defendants, each of which was noticed for a date after the close of discovery. [*Id.* at 2]. The Chasefield Defendants argue that, because Plaintiff delayed seeking this discovery and had no good cause to do so, this court should enter a protective order to "protect the Chasefield Defendants from such undue burden and expense associated with these depositions." [*Id.* at 3]. The court considers the Parties' various arguments and requests below.

## LEGAL STANDARDS

### I.   Extensions of Time

A "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dept. of Soc. Servs.*, 197 F.R.D. 439, 441 (D.Colo.2000) (internal quotations and citations omitted). Instead, a scheduling order may only be amended upon a showing of good cause, which "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)). The ordinary press of business does not constitute good cause. *See Jama v. City & Cty. of Denver*, 280 F.R.D. 581, 585 (D. Colo. 2012), *aff'd*, 304 F.R.D. 289 (D. Colo. 2014). However, good cause may be shown when the moving party or parties acted diligently in attempting to resolve discovery disputes. *See, e.g.*, *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at *7 (D. Kan. Sept. 2, 2020).

6

II.     **Protective Orders**

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure allows a court to enter a protective order limiting discovery, on motion or *sua sponte*, if the court determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(a)(2)(C).

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court, *see Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).  The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise.  *See id.*  Implicit in the Rule is the fact that the inquiry into a Protective Order is not all or nothing; the court may exercise its discretion to craft the contours of a Protective Order that meets the needs of the Parties in a specific case.

**ANALYSIS**

Though they differ on the discovery to be permitted, all Parties in this case seek extensions of time to complete discovery, to file motions under Rule 702, and to file dispositive motions. [Doc. 157; Doc. 166; Doc. 171].  In addition, each Party raises various requests related to specific

7

depositions already scheduled or which they hope to schedule, [Doc. 157; Doc. 166; Doc. 171], and the Chasefield Defendants additionally request a protective order prohibiting their depositions. [Doc. 167]. The court addresses these requests in turn.

## I. Extension of the Discovery Deadline

Plaintiff seeks an extension of time of the discovery deadline to permit the depositions of all 12 defendants, of B.C., and of two experts. [Doc. 157 at 7]. Defendants oppose Plaintiff's request, but nevertheless all seek certain extensions of time of the discovery deadline to complete discovery. The Chasefield Defendants seek an extension of the discovery deadline through October 1, 2021 "to allow only for the deposition of Plaintiff's son . . . and Plaintiff's expert Michael Saylor, and one additional day for Plaintiff's deposition." [Doc. 166 at 5]. In addition, the Boccus Group Defendants seek an extension of the discovery deadline to October 15, 2021, "only to specifically allow for the depositions of Plaintiff, [B.C.], and Michael Saylor." [Doc. 171 at 8].

At the outset, the court finds that the Parties have failed to follow this court's express directive that, in seeking any additional extensions of time, the Parties were to "articulate the basis for good cause; what specific discovery remains outstanding (including any unresolved discovery disputes); [and] a schedule with particular dates, times, and locations for outstanding depositions that will then be ordered by the court." [Doc. 155 at 13 (emphasis in original)]. With respect to Plaintiff, she again bases her request for an extension of time on the fact that "the parties need additional time to complete discovery and a trial date has not yet been set," [Doc. 157 at ¶ 42], despite this court expressly stating that this was insufficient to justify good cause to amend the Scheduling Order and an insufficient basis to warrant an extension of time. [Doc. 155 at 13]. Nor does Plaintiff explain why her noticed depositions could not have been taken prior to the discovery

8

deadline, or what efforts she has made throughout the discovery period—which has now spanned over ten months since the entry of the Scheduling Order—to schedule and take these depositions. *See generally* [Doc. 157]. "Demonstrating good cause under [Rule 16(b)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (*quoting Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

For their part, Defendants largely fail to set forth a specific schedule for the remaining discovery, as ordered by the court. The Boccus Group Defendants indicate that a deposition of Mr. Saylor has been set for October 1, 2021. [Doc. 171 at 6]. The Chasefield Defendants indicate that they seek until October 1, 2021 to depose Mr. Saylor, but do not indicate whether they intend to depose him on October 1, 2021—along with the Boccus Group Defendants—or at some separate occasion, or for a span of time that would then exceed one day of seven (7) hours, which would require leave from the court pursuant to Rule 30(a)(2)(A)(ii). Nor has any set of Defendants identified whether they intend to take B.C.'s deposition concurrently or separately. [Doc. 166; Doc. 171]. Nor have the Boccus Group Defendants articulated sufficient good cause to permit them an additional twelve hours of deposition of Ms. Curtis—which would be well beyond any one day of seven (7) hours[5]—beyond the fact that the Computer-Related claims and the associated discovery to date is substantial. [Doc. 171 at 4].

Furthermore, Defendants have not presented any proposed discovery plan to the court so as to convince the court that, should their requested extensions of time be granted, the Parties will actually complete their outstanding discovery by the new deadlines in a just, speedy and

---

[5] While the Federal Rules of Civil Procedure contemplate that written discovery is counted per party, Rule 30(a)(2)(A)(i) contemplate 10 depositions per side, i.e., "by the plaintiffs" or "by the defendants" or "by the third party defendants." Fed. R. Civ. P. 30(a)(2)(A)(i).

economical fashion. *See* [Doc. 166; Doc. 171]; Fed. R. Civ. P. 1. This court is mindful of the extensive discovery disputes between the Parties, and the representations made within Motion to Withdraw by Plaintiff's counsel [Doc. 158] certainly presents additional wrinkles in moving forward expeditiously in this case. But the submissions of the Parties up to this point – despite the plain instructions by the court in its Order dated August 25, 2021 [Doc. 155 at 13], in large part are simply generic requests for extensions of the discovery deadline, without any addressing any of the particulars requested by this court. As a result, the court will **DENY without prejudice** Plaintiff's Motion for an Extension of Time, insofar as it seeks an extension of the discovery deadline, for lack of good cause shown, and will similarly **DENY without prejudice** Defendants' requests for a general extension of the discovery deadlines. However, the Motion for an Extension of time, as well as Defendants' Responses, raise a number of other issues that might benefit from some court guidance to help the Parties formulate a compliant Motion for Extension of Time that this court anticipates will be filed as soon as possible, but no later than **September 30, 2021**.

*Deposition of B.C.* In her Motion for an Extension of Time, Plaintiff seeks a court order limiting the deposition of B.C. to two hours in length and to only these specific topics: "[B.C.'s] use of the MAC1, MAC2, and MAC3 computers and his various Xbox game consoles." [Doc. 157 at 9]. The Chasefield Defendants indicate that they seek to depose B.C. for four hours. [Doc. 166 at 4]. In addition, the Boccus Group Defendants seek four hours to examine B.C. and "do not agree to limit the scope of this deposition to [B.C.'s] use of the MAC computers and various Xbox game consoles because this witness may also have knowledge of" Plaintiff's use of the computers, use of the computers or network by other individuals, use of accounts, or Plaintiff's claims of emotional harm. [Doc. 171 at 5].

10

As this court previously indicated, some of Plaintiff's claims arise out of allegations that some or all of Defendants remotely hacked into Plaintiff's personal electronic devices. *See, e.g.*, [Doc. 78 at paragraph 4]; *see also* [Doc. 155 at 8]. Plaintiff has indicated that B.C. had access to her personal devices, as well as her personal Microsoft account and, presumably, her home network. [*Id.* at 8-9]. Ms. Curtis has not presented an argument why any topic other than B.C.'s use of the Mac computers or Xbox consoles would be irrelevant or otherwise improper topics for B.C.'s deposition. *See* [Doc. 157]. The court thus is not convinced by Plaintiff's argument that B.C.'s deposition must be limited by topic; indeed, B.C. may have other information relevant to Plaintiff's claims beyond his usage of certain devices. The court thus declines to limit the scope of the deposition as requested by Plaintiff.

However, because B.C. is a non-party minor, the court finds no justification for multiple depositions or for the deposition to exceed four hours total. *Cf. Edgin on behalf of I.E. v. Blue Valley USD 220*, No. 20-2547-EFM, 2021 WL 1750861, at *3 (D. Kan. May 4, 2021) (ordering deposition of minor to not exceed three hours). The court **ORDERS** that B.C. may be deposed for **<u>four hours total</u>, to be split amongst all Defendants**. Indeed, while Defendants raised the concern that there might not be a "unanimity of interest between all Defendants" during the scheduling process [Doc. 82 at 10], Defendants have identified no specific facts to suggest that such lack of unanimity exists. Defendants shall meet and confer regarding the appropriate split of time for B.C.'s deposition, come to a mutually agreeable decision, and inform Plaintiff's counsel of their decision. If Defendants cannot come to a mutual agreement as to how to split their time, Defendants shall contact the court, **<u>only after a robust telephonic meet and confer</u>**, to set a discovery dispute conference. **Defendants are expressly advised that a disagreement as to how to split the deposition time of B.C. will not result in this court extending the time permitted**

for B.C.'s deposition; **to the extent that Defendants seek more than four hours total with B.C., they must specifically articulate the basis for their good cause.**  In addition, the court **ORDERS** that the Parties shall meet and confer as to a mutually agreeable date and time for B.C.'s deposition and shall hold such deposition on or before **October 15, 2021**.  **No further extensions of this deadline will be granted absent extraordinary circumstances**.[6]

***Deposition of Michael Saylor***.  The Parties indicate that a deposition of Plaintiff's expert, Michael Saylor ("Mr. Saylor"), is currently scheduled for October 1, 2021.  [Doc. 157 at 7]; [Doc. 171 at 5-6].  The Boccus Group Defendants represent that this deposition was originally set for August 17, 2021, but "was rescheduled at Plaintiff's request to October 1, 2021, via Zoom." [*Id.*].[7] Notwithstanding the fact that one Party's request to reschedule a deposition until after the discovery deadline does not constitute good cause to amend the Scheduling Order, *see* [*id.* at 6], because the Parties agree that the deposition will occur on October 1, 2021, the court **ORDERS** that the Parties **SHALL PROCEED** with this previously scheduled deposition.  Similarly here, Defendants have identified no lack of unanimity that merits multiple depositions; accordingly, Defendants may depose Mr. Saylor for **one day of seven hours total, to be split amongst all Defendants**.  Defendants shall meet and confer regarding the appropriate split of time for Mr. Saylor's deposition, come to a mutually agreeable decision, and inform Plaintiff's counsel of their decision.  If Defendants cannot come to a mutual agreement as to how to split their time for this deposition, Defendants shall contact the court, **only after a robust telephonic meet and confer**,

---

[6] Insofar as Plaintiff requests a court order ruling that "the Notice of Deposition of [B.C.] does not comply with D.C.COLO.LCivR 30.1," [Doc. 157 at 9], this request is **DENIED** as moot.

[7] The Chasefield Defendants also seek to depose Mr. Saylor but do not indicate whether they have also agreed to the October 1, 2021 deposition or seek to depose Mr. Saylor separately.  *See* [Doc. 166 at 5].  The court does not find that the Chasefield Defendants have demonstrated a need or an entitlement to take a separate seven-hour deposition of Mr. Saylor.

to set a discovery dispute conference. **Defendants are expressly advised that a disagreement as to how to split the deposition time of Mr. Saylor will not result in this court extending the time permitted for Mr. Saylor's deposition; <u>to the extent that Defendants seek more than seven hours total with Mr. Saylor, they must specifically articulate the basis for their good cause. In addition, this court expects that such deposition will proceed on October 1, 2021, unless otherwise ordered by the court.</u>**

***Deposition of Plaintiff***.  All Defendants seek an extension of the discovery deadline so that they may depose Plaintiff further.  [Doc. 166 at 4; Doc. 171 at 4].  Specifically, Defendants represent that, although Plaintiff was previously deposed for seven hours on August 30, 2021, Defendants were unable to ask all of their desired questions of Plaintiff due to time constraints. [Doc. 166 at 4; Doc. 171 at 4].  The Chasefield Defendants request "one additional day for Plaintiff's deposition." [Doc. 166 at 5],[8] and the Boccus Group Defendants seek to depose Plaintiff for an additional 12 hours.  [Doc. 171 at 4].  Plaintiff does not seem to dispute that additional time is necessary for her deposition, but does dispute the amount of time Defendants seek.  [Doc. 157 at 6].

Neither Party has explained why it did not seek an extension of time following Plaintiff's August 30 deposition prior to filing their Responses to the Motion for an Extension of Time.  [Doc. 166; Doc. 171].  Nor do the Chasefield Defendants specifically set out what topics need be covered in any additional deposition of Plaintiff.  [Doc. 166 at 4].  And although the Boccus Group Defendants generally state that they need additional time to depose Plaintiff because, *inter alia*, Plaintiff's complaint is long, Plaintiff's interrogatory responses are long, and Plaintiff has

---

[8] The court notes that, because the SCB Defendants have not responded substantively to the Motion for an Extension of Time, the court is unable to determine their exact requests, if any, for additional depositions.

13

produced a large number of documents in discovery, *see* [Doc. 171 at 4], they have nevertheless not adequately explained why they need 12 additional hours to depose Plaintiff. *See generally* [*id.*].

Being fully advised in the premises, the court **ORDERS** that all Defendants may depose Plaintiff for **one additional day, <u>not to exceed seven hours</u>**. Defendants shall meet and confer to discuss the appropriate split of time for this additional deposition, come to a mutual agreement, and inform Plaintiff's counsel of this decision. If Defendants cannot come to a mutual agreement as to how to split their time for Plaintiff's deposition, Defendants shall contact the court, **<u>only after a robust telephonic meet and confer</u>**, to set a discovery dispute conference. **Defendants are expressly advised that a disagreement as to how to split the additional deposition time of Plaintiff will not result in this court extending the time permitted for Plaintiff's deposition.** The court further **ORDERS** that the Parties shall meet and confer as to a mutually agreeable date and time for Plaintiff's additional deposition and shall hold such deposition on or before **October 15, 2021**. **<u>No further extensions of this deadline will be granted absent extraordinary circumstances</u>**.

***Depositions Taken by Plaintiff***. In her Motion for an Extension of Time, Plaintiff represents that she noticed the deposition of all 12 Defendants for various dates in September, in addition to Steven Morrison, the Boccus Group Defendants' expert, for October 8, 2021. [Doc. 157 at 7]. As to Defendants, the Boccus Group Defendants generally argue that Plaintiff should not be permitted to depose them after the discovery deadline (and that the discovery deadline should not be extended to allow these depositions) because Plaintiff unduly delayed in serving her discovery and in noticing these depositions and, for this reason, there is no good cause for her delay or to amend the Scheduling order. [Doc. 171 at 6-7]. The Boccus Group Defendants assert

14

that, if they must be deposed, they request a court order limiting such deposition to seven hours total. [*Id.* at 7].[9] The Chasefield Defendants go as far as seeking a protective order prohibiting their depositions due to Plaintiff's delay in noticing their depositions. [Doc. 167 at 2-3]. Although the Chasefield Defendants seek a blanket protective order prohibiting their depositions outright, they indicate that they previously proposed to Plaintiff, after receiving the deposition notices for dates after the discovery deadline, that the Chasefield Defendants' depositions be limited to two full days. [*Id.*].

As to the noticed deposition of Mr. Morrison, the Boccus Group Defendants argue that Plaintiff has failed to show good cause for extending the discovery deadline to take Mr. Morrison's deposition because she waited six weeks after being served with Mr. Morrison's expert report to notice his deposition, which was scheduled five weeks after the discovery deadline. [Doc. 171 at 7]. They ask that Plaintiff's request to take the deposition of Mr. Morrison "be denied." [*Id.*].

The court acknowledges the Chasefield Defendants' representation that Plaintiff did not notice her depositions until August 27, 2021, days before the discovery deadline of September 1, 2021. [Doc. 166 at 1].[10] However, the court notes that the Chasefield Defendants and the Boccus Group Defendants previously agreed to a six-week extension of the discovery deadline "to complete discovery," which the court assumes all Parties understood might include depositions of Defendants. [Doc. 148 at ¶ 5]. It was only after the court denied the Parties' request for an extension of time because the court wanted to see a specific, detailed discovery plan that the Chasefield Defendants and the Boccus Group Defendants switched their position and opposed an

---

[9] The Boccus Group Defendants argue that they should be deposed together because "defendant Everson is the only person with knowledge for defendant Boccus Group, making him effectively one party." [Doc. 171 at 7].

[10] No party has submitted any exhibits demonstrating that the depositions were noticed on this date, or on any other date.

15

extension of time, asserting their own separate requests for extensions of time.  [Doc. 166; Doc. 171].  Therefore, this court is inclined to permit Plaintiff some limited depositions in this action, but it is clear that she has not done sufficient work to determine what depositions are truly required, *see* [Doc. 157 at 3 ("Plaintiff acknowledged then, and does here, that there are many of the named Defendants that will not require a full day of seven (7) hour deposition.  Depending on who Defendants designate as FRCP 30(b)(6) witnesses, there will opportunities to schedule multiple depositions on the same day")]; how long such depositions are anticipated to last; or when such depositions can reasonably occur.

With these issues in mind, and in light of this court's finding that Plaintiff has failed to demonstrate good cause to amend the Scheduling Order, the court declines to pass on whether Plaintiff may take her noticed depositions of Defendants at this juncture.  Should Plaintiff elect to renew her motion for an extension of time, **setting forth good cause to amend the Scheduling Order and explaining why she could not meet the current case deadlines and articulating a reasonable estimate and proposed schedule for the outstanding depositions**, the court will address the efficacy of any deposition notices at that time.[11]

---

[11] The court is reluctant to invite further requests for extensions of time and further discovery disputes between the Parties in this case.  However, the court notes that, on September 7, 2021, Plaintiff's counsel moved to withdraw from this case.  [Doc. 158].  Although this court denied the motion to withdraw without prejudice pending the resolution of the Chasefield Defendants' Motion for Sanctions [Doc. 124], *see* [Doc. 165], no alternative counsel has entered his or her appearance for Ms. Curtis.  Ms. Curtis is an attorney [Doc. 78 at ¶ 47], and in any case, could proceed pro se.  Thus, Plaintiff is reminded that the entry of new counsel—without more—is typically not good cause for the extension of time.  *See Lord v. Hall*, No. 10-cv-02695-PAB-KLM, 2011 WL 3861569, at *2 (D. Colo. Sept. 1, 2011) (observing that courts are reluctant to set a precedent of allowing a 'do-over' when new counsel enters an appearance); *Pownell v. Credo Petroleum Corp.*, No. 09-cv-01540-WYD-KLM, 2011 WL 1656499, at *2 (D. Colo. Feb. 15, 2011) (citing *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003)).

**II.    Extension of the Dispositive Motions and Rule 702 Motions Deadlines**

Due to this court's above rulings permitting the limited above-referenced depositions to go forward, the court will **GRANT** the Motion for an Extension of Time **in part** to the extent it seeks to extend the deadlines for dispositive motions and Rule 702 motions, which will be **RE-SET** to **November 1, 2021**.  <u>**The Parties are expressly advised that no further extensions of these deadlines will be granted absent extraordinary circumstances**</u>.

**III.    Motion for Protective Order**[12]

Finally, the Chasefield Defendants seek a protective order "prevent[ing] Plaintiff from taking her recently noticed 13[] full-day depositions." [Doc. 167 at 1].  The Chasefield Defendants argue that a protective order is warranted because "Plaintiff did not request dates for the Chasefield Defendants' depositions until seven days before the discovery deadline and has provided no good cause for her delay," and because "Plaintiff then proceeded to notice the Chasefield Defendants' depositions over a fourteen-day period commencing after the current discovery deadline." [*Id.* at 2].  According to these Defendants, good cause thus exists to enter a protective order "to protect the Chasefield Defendants from such undue burden and expense associated with these depositions." [*Id.* at 3].  The Motion for Protective Order does not set forth the scope of the protective order purportedly needed to provide such protection.  *See generally* [*id.*].

The court will deny the Motion for Protective Order at this juncture.  The sole basis of the Motion is to protect the Chasefield Defendants from "undue burden and expense" associated with the depositions belatedly noticed by Plaintiff and Plaintiff's purported "unwillingness to agree to reasonable [limitations]" for those depositions.  [*Id.* at 2-3].  However, as set forth above, the court

---

[12] On September 10, 2021, the SCB Defendants filed "SCB Defendants' Joinder to Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)." [Doc. 169].  The court **CONSTRUES** this filing as a Motion for Joinder and **GRANTS** the Motion.

notes that, just weeks ago, the Chasefield Defendants joined in a request for an extension of time to complete discovery in this case, which presumably included the possibility that Plaintiff would seek to depose some or all of the Chasefield Defendants with that extended discovery. *See* [Doc. 148]. Moreover, the Chasefield Defendants' Exhibit 1 demonstrates that, as recently as September 1, 2021, they agreed to "a full day [deposition] for Walter [van Woudenberg], Kellie Beiers, and Jordan Pine (combined); [and] (ii) another full day [deposition] for Harold Pine and Chasefield Capital 30(b)(6)," [Doc. 167-1 at 3], according to an email sent by the Chasefield Defendants' counsel <u>after</u> Plaintiff "noticed separate, one-day depositions for all twelve Defendants, with each deposition scheduled for after the discovery end date." [Doc. 167 at 2]. The court is thus not convinced that Plaintiff's delay in noticing the depositions, however significant, renders the depositions an "undue burden and expense" so as to "prevent" these depositions outright, where the Chasefield Defendants agreed to at least *some* depositions.

Insofar as the Chasefield Defendants argue that the depositions would cause undue burden and expense because Plaintiff seeks four full days for the Chasefield Defendants' depositions, while the Chasefield Defendants wish to limit their depositions to only two full days, *see* [*id.* at 3], the court cannot conclude that Defendants have demonstrated that a protective order is **necessary** to resolve this purported discovery dispute, *Centurion*, 665 F.2d at 325, given that Chasefield Defendants do not explain why the court should limit their depositions to two full days, do not argue why four full days is unduly burdensome or expensive, and do not represent that all eight Chasefield Defendants may be adequately deposed over two days. *See generally* [Doc. 167]. A conclusory statement that the depositions will be unduly burdensome and expensive is insufficient to demonstrate that a protective order is warranted. *Colo. Hosp. Serv., Inc. v. Auto-Owners Ins.*

18

*Co.*, No. 14-cv-01858-WJM-BNB, 2015 WL 4497437, at *3 (D. Colo. Jan. 28, 2015); *MNM Invs., LLC v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2019 WL 4450636, at *3 (D. Kan. Sept. 17, 2019).

Finally, the court notes that the Chasefield Defendants did not seek an informal discovery dispute conference with this court prior to filing their Motion for Protective Order. *See* [Doc. 155 at 11 (reminding the Parties "of their duty to raise issues as soon as it is practicable and to use this Magistrate Judge's procedures to facilitate the resolution of discovery disputes")]. Nor can the court conclude that the Chasefield Defendants made a good faith effort to resolve this dispute prior to seeking court intervention. *See* D.C.COLO.LCivR 7.1(a) ("Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." (emphases added)). Indeed, the Chasefield Defendants represent that their "[u]ndersigned counsel has attempted to confer with Plaintiff's counsel by email and telephone, repeatedly," [Doc. 167 at 1], but do not explain the nature or scope of such conferral, and although the Exhibit attached by the Chasefield Defendants demonstrates an initial disagreement as to the scope of the depositions, it shows no attempt to *actually confer* or come to any resolution. *See* [Doc. 167-1].[13] "A violation of Local Rule 7.1(a) is an independent basis for

---

[13] The court notes that, on September 9, 2021, the Chasefield Defendants originally filed the Motion for Protective Order in their original response to Plaintiff's Motion for an Extension of Time, at which time they stated the following with respect to conferral: "Undersigned counsel has attempted to confer with Plaintiff's counsel by email and telephone, repeatedly. We have not received any response, however. Based on prior conversations and the nature of the relief sought, we presume that Plaintiff opposes this Motion." [Doc. 161 at 2]. This court struck the response on September 10, 2021 for failure to comply with D.C.COLO.LCivR 7.1(d)'s requirement that motions be made in separate filings, rather than in responses or replies. [Doc. 165]. Fewer than two and a half hours later, Chasefield Defendants re-filed the instant Motion for Protective Order, containing essentially the same language from the stricken document but not setting forth if (and

denial of a motion." *Sands v. Integon Nat'l Ins. Co.*, No. 18-cv-00714-PAB-NYW, 2020 WL 8188184, at *2 (D. Colo. Mar. 9, 2020), *report and recommendation adopted*, 2020 WL 8188168 (D. Colo. Mar. 25, 2020).

For these reasons, the court will **DENY** the Motion for Protective Order **without prejudice**. Insofar as Plaintiff renews her request to extend the discovery deadline or otherwise seeks to depose Defendants, the Parties are directed to meet and confer regarding appropriate lengths, times, and dates for such deposition(s) and to set forth any agreed-upon terms in any upcoming motion.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1)     The Motion for Extensions of Time [Doc. 157] is **GRANTED in part** and **DENIED without prejudice** in part;

(2)     The discovery deadline **REMAINS SET** except for the narrow exceptions expressly set forth in this Order;

(3)     Any renewed Motion for Extension of Time shall be **FILED** no later than **September 30, 2021 (including for depositions contemplated as permitted herein)**;

(4)     The deadlines to file dispositive motions and motions under Rule 702 are **RE-SET** for **November 1, 2021**. **<u>No further extensions of these deadlines will be granted absent extraordinary circumstances</u>**;

---

if so, how) Plaintiff had responded to Chasefield Defendants' purported attempted conferral as to the Motion for Protective Order. *See* [Doc. 167].

(5)    The SCB Defendants' Joinder to Response to Plaintiff's Renewed Motion for Extension of Time (Doc. 157) [Doc. 170] is **CONSTRUED** as a motion for joinder and **GRANTED**;

(6)    The SCB Defendants' Joinder to Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) is **CONSTRUED** as a motion for joinder and **GRANTED**; and

(7)    The Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) [Doc. 167] is **DENIED without prejudice**.

DATED:  September 20, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

21