**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01873-DDD-NYW

JULIE ADAMS CURTIS,

      Plaintiff,

v.

LEVER UP INC.,
PAKEMS LLC,
CHASEFIELD CAPITAL INC.,
CHASEFIELD REAL ESTATE, LLC,
SCB GLOBAL CAPITAL MANAGEMENT, LLC,
BOCCUS GROUP LLC,
HAROLD PINE,
WALTER VAN WOUDENBERG,
RUSS MATTHEWS,
JORDAN PINE,
KELLIE BEIERS,
SETH EVERSON, and
JOHN DOES 1-10,

      Defendants.

---

**ORDER**

---

     This matter is before the court on the remaining portion of Plaintiff's Renewed Motion for

Extension of Time (the "Motion" or "Motion for Extension of Time") [Doc. 177, filed September

29, 2021].[1]  The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring

Case dated June 25, 2020 [Doc. 4], and the Order Referring Motion dated September 29, 2021

[Doc. 178].  In the Motion, Plaintiff Julie Adams Curtis ("Ms. Curtis" or "Plaintiff") asserts that

---

[1] On September 29, 2021, this court denied the Motion insofar as it sought a continuance of the
deposition of Plaintiff's expert, Michael Saylor, which took place on October 1, 2021, as well as
a continuance of the depositions of Plaintiff and Plaintiff's minor son, B.C., which are scheduled
for October 9 and 10, 2021.  [Doc. 179].

extraordinary circumstances exist to amend certain deadlines in the Scheduling Order because she has discovered new evidence allegedly demonstrating that all Defendants have hacked her electronic devices. *See generally* [Doc. 177]. After this court ordered all Defendants to respond to the Motion on or before October 6, 2021, the Chasefield Defendants[2] and the Boccus Group Defendants[3] responded in opposition to Plaintiff's Motion.[4] For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This court has previously set out the factual and procedural background of this case in detail, *see, e.g.*, [Doc. 155], and will do so here only as necessary to rule on the pending Motion. Plaintiff initiated this civil action on June 25, 2020, [Doc. 1], and filed an Amended Complaint on October 22, 2020, raising eighteen claims against the various Defendants. [Doc. 78].[5] This court held a Scheduling Conference on November 3, 2020 [Doc. 81] and entered a Scheduling Order

---

[2] The term "Chasefield Defendants" refers to the following Defendants: Lever Up, Inc.; Pakems LLC; Chasefield Capital, Inc.; Chasefield Real Estate, LLC; Harold Pine; Walter van Woudenberg; Jordan Pine; and Kellie Beiers. *See* [Doc. 182 at 1].

[3] The term "Boccus Group Defendants" refers to Defendants Seth Everson and Boccus Group, LLC. *See* [Doc. 183].

[4] Defendants SCB Global Capital Management, LLC and Russ Matthews (the "SCB Defendants") filed a joinder to Chasefield Defendants' response on October 7, 2021. [Doc. 184]. Throughout this order, the court refers to this joint response as the Chasefield Defendants' Response.

[5] Specifically, Plaintiff raises the following claims: (1) violation of the Stored Communications Act; (2) violation of the Federal Wiretap Act; (3) violation of the Computer Fraud and Abuse Act (collectively, the "Computer-Related Claims"); (4) invasion of privacy; (5) gender discrimination in violation of the Colorado Anti-Discrimination Act ("CADA"); (6) aiding and abetting a sexually hostile work environment in violation of CADA; (7) disability discrimination in violation of CADA; (8) retaliation in violation of CADA; (9) wrongful discharge in violation of public policy; (10) outrageous conduct; (11) breach of duty of loyalty; (12) intentional interference with prospective business advantage; (13) conspiracy; (14) intentional interference with contractual relations; (15) defamation; (16) promissory estoppel; (17) breach of covenant of good faith and fair dealing; and (18) alter-ego liability. *See generally* [Doc. 78]. It is not entirely clear which Defendants are subject to each of Plaintiff's substantive claims. *See generally* [*id.*].

that same day.  [Doc. 82].  The Scheduling Order contained the following deadlines: joinder of parties and amendment of pleadings for January 29, 2021; affirmative experts for March 1, 2021; rebuttal experts for April 1, 2021; Rule 702 motions for May 3, 2021; discovery for July 1, 2021; and dispositive motions for August 1, 2021.  [*Id.* at 11-12].

Since the entry of the Scheduling Order, this court has entertained and granted numerous requests for extensions of time for the Parties to complete discovery-related tasks.  *See, e.g.*, [Doc. 113; Doc. 119; Doc. 121; Doc. 125; Doc. 133; Doc. 142; Doc. 157; Doc. 173].  Relevant here, this court has extended the Rule 702 motions deadline three times [Doc. 119; Doc. 125; Doc. 173]; the dispositive-motion deadlines twice [Doc. 125; Doc. 173], and the discovery deadline once [Doc. 125].[6]  With each of these extensions, the court informed the Parties that no further extensions of these deadlines would be granted absent extraordinary circumstances.  *See* [Doc. 119; Doc. 125; Doc. 173 at 20].  Most recently, this court denied Plaintiff's Motion for Extensions of Time [Doc. 157, filed September 3, 2021] without prejudice for lack of good cause shown, finding that Plaintiff had failed to demonstrate that she had been diligent in attempting to meet the discovery deadlines in this case.  [Doc. 173 at 9-10].  The court ordered that any additional motion for extension of time be filed no later than September 30, 2021.  [*Id.*].

Plaintiff filed the instant Motion on September 29, 2021.  [Doc. 177].  Plaintiff argues that extraordinary circumstances exist to amend the Scheduling Order because "[a] substantial amount of new evidence has come to light" after the Scheduling Order was issued, including evidence that Defendants have hacked computers owned by Plaintiff, Plaintiff's attorney, Chris Limpus ("Mr. Limpus"), and Plaintiff's brother, Jack Adams ("Mr. Adams"); have deleted "critical evidence to

---

[6] On April 1, 2021, this court extended the discovery deadline to September 1, 2021.  [Doc. 125]. On September 20, 2021, this court extended that discovery deadline only for the narrow purposes of conducting the depositions of Michael Saylor, Plaintiff, and B.C.  [Doc. 173 at 20].

impede Plaintiff's computer-related investigation;" and have tampered with evidence. [*Id.* at 1, 2]. According to Ms. Curtis, this new evidence necessitates an extension of the discovery deadlines in order for, *inter alia*, Plaintiff's computer expert to analyze additional computers and "for Plaintiff to hire a computer expert in Denver to try to figure out how Defendants have hacked her third computer in an effort to prevent any additional hacking," and "to try to get [Plaintiff] into a safe computer environment." [*Id.* at 4, 14]. Ms. Curtis seeks numerous general extensions of the expert disclosure deadlines, the discovery deadline, the Rule 702 motions deadline, the dispositive motions deadline. [*Id.* at 14-15]. In addition, Ms. Curtis appears to request that this court impose sanctions on Defendants' counsel. [*Id.* at 15].

Defendants almost exclusively oppose Plaintiff's requests on the basis that there have already been significant discovery delays in this case,[7] the purported "new evidence" submitted by Plaintiff is not new and does not substantiate Plaintiff's claims of hacking, and Plaintiff has not shown that she has been diligent in seeking discovery so as to demonstrate good cause to amend the Scheduling Order. *See generally* [Doc. 182; Doc. 183]. However, in their Response, the Chasefield Defendants do not oppose their depositions being taken and "propose" a one-month extension of the dispositive motions deadline to December 1, 2021. [Doc. 182 at 6-7]. Because this matter is ripe for consideration, I consider the Parties' arguments below.

## LEGAL STANDARD

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"

---

[7] The court notes that the discovery delays and disputes in this case cannot be attributed to Plaintiff alone. *See, e.g.*, [Doc. 113; Doc. 133; Doc. 139; Doc. 143; Doc. 148].

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).  Indeed, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  The "good cause" provision "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  A movant's Rule 16(b) burden may be satisfied "when a party learns of new information" in discovery. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1153 (D. Colo. 2020).  However, a party still must exercise diligence in filing a motion to amend. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (affirming a determination that found "[e]ven assuming they did not obtain the information they needed to seek amendment until [after the deadline had passed to amend], Appellants had not offered an 'adequate . . . explanation for waiting four months to file their motion.'")

## ANALYSIS

### I.     Plaintiff's New Evidence

Because the purportedly new evidence described by Plaintiff forms the basis of each of her requests for extensions of time, the court briefly sets out this new allegedly evidence first before turning to Plaintiff's specific requests.  In her Motion, Plaintiff asserts that she has discovered the following new evidence demonstrating Defendants'[8] computer hacking:

---

[8] Ms. Curtis states that, "[w]hen using the term 'Defendants,' Plaintiff includes all Defendants because they all play a role in causing all of the computer hacking."  [Doc. 177 at 4].

- On September 2, 2021, Plaintiff learned that Plaintiff's three personal computers and a computer belonging to her assistant, Stephanie Childers ("Ms. Childers"), were all connected to the same remote printer, and a "unique identifier" found on Ms. Childers's computer was also found on Plaintiff's new computer "within an artifact called 'DeviceInfoCache.'" [*Id.* at 4-5].

- On March 8, 2021, Ms. Curtis discovered that the "printer information" on her MAC1 computer had been deleted. [*Id.* at 5]. In addition, on the evening of Saturday, March 30, 2021, Plaintiff took a screenshot of the printers connected to Ms. Childers's computer, but the next morning, she discovered that the connected printers had been deleted. [*Id.* at 5-6].

- "Within the last month, Plaintiff discovered that [an] LKDC setup[9] had been done on her new computer on January 18, 2021" and that, "within minutes of the LDKC setup being done, GarageBand was downloaded and the GarageBand application that comes on a MAC computer was deleted." [*Id.* at 6]. In addition, an LKDC setup was done on Plaintiff's personal MAC1 computer and B.C.'s MAC3 computer in January and February 2018. [*Id.* at 7].

- On September 13, 2019, an LKDC setup was done on Mr. Limpus's computer, which Mr. Limpus had allowed Plaintiff to borrow and which "is still at [Plaintiff's] house." [*Id.*]. When Ms. Curtis advised Mr. Limpus of this, he "checked the computer he is currently using and [an] LKDC setup had been done on his computer." [*Id.*].

- "A couple of months ago," Ms. Curtis's brother informed her that there was a folder on his computer called "adams.juliekay@gmail.com Creative Cloud File," which was created on October 25, 2019. [*Id.* at 7-8]. Ms. Curtis asserts that Mr. Adams does not have access "to her personal Adobe account" and did not create this folder. [*Id.* at 8]. In addition, an LKDC setup was performed on Mr. Adams's computer in 2018. [*Id.*].

- On September 25, 2021, Ms. Curtis discovered that the date on her MAC2 computer was changed to December 31, 2016. [*Id.*].

---

[9] Plaintiff asserts in her Motion that "[Plaintiff] researched [an LKDC setup] and it stands for Local Kep Distribution Center and has to do with creating a single sign-on for computers that are on the same ad-hoc network so that they can share files or screen share." [Doc. 177 at 6]. The court notes that Ms. Curtis has not held herself out to be an expert on this topic and includes this information only to provide additional background concerning Plaintiff's bases for her Motion.

- When Plaintiff tried to upload discovery documents[10] on September 2, 2021, "[o]nly about 1,000 documents out of 6,000 documents uploaded." [*Id.*]. Plaintiff "was not able to figure out why the documents didn't upload." [*Id.*].

- "Since [September 2, 2021]," Plaintiff has been receiving error messages that she does not have permission to open certain documents on her computer, which "never happened on any computer ever until after [Plaintiff] was fired by Chasefield." [*Id.* at 8-9].

- Plaintiff's "TV cable box turned on in her bedroom in the middle of the night flashing a blue light and her downstairs TV turned on at 4:00 a.m. in the morning the night her deposition was taken (on August 30, 2021) and at the exact same moment her computer shows that there was a WIFI log stating "Auto join retry." [*Id.* at 9]. A similar incident happened two nights later. [*Id.*]. In addition, Plaintiff's "computer camera light has randomly turned on" at unknown dates and times. *See* [*id.*].

Plaintiff asserts that this new evidence "can directly tie the hacking to the Defendants." [*Id.* at 1]. She argues that extraordinary circumstances exist to amend the Scheduling Order because "she has had to spend an inordinate amount of time continuing to research computers" and because "the analysis of her computers has been an extremely difficult and slow process because of the missing log files, the intentionally deleted evidence, and the evidence that has been tampered with." [*Id.* at 3]. Plaintiff asserts that, due to the discovery of this new evidence, an extension of the discovery deadline is required. [*Id.* at 4]. With the above background and arguments in mind, the court turns to Plaintiff's requested extensions of time.

## II. Plaintiff's Requests for Extensions of Time

In her Motion, Plaintiff requests extensions of numerous deadlines in this case. *See* [*id.* at 14-15]. Specifically, Ms. Curtis seeks the following relief from the court:

- A court order granting Plaintiff a three-month period to submit an amended expert report to include findings from the allegedly hacked computers, allow her time to fix her computer, and to hire an expert to come to her residence to do an analysis and "try to get her into a safe computer environment;"

---

[10] Ms. Curtis does not explain how or where she was attempting to upload the aforementioned discovery documents. *See* [Doc. 177 at 8].

- A court order granting all Parties the opportunity "to take depositions . . . after the expert rebuttal report is submitted" for one month after the expert rebuttal report is submitted;

- A court order granting Plaintiff one month "to upload the additional responsive discovery documents;"

- A court order granting Plaintiff two months "to confer and resolve all of the discovery issues related to Defendants' discovery responses;"

- A court order permitting Plaintiff four days to take the Chasefield Defendants' depositions; "7 hours for the rebuttal expert;" and "14 hours for Everson's deposition;"

- An extension of the Rule 702 motions deadline to "follow the discovery deadline date" by one month;

- An extension of the dispositive motions deadline "to follow the discovery deadline" by one month; and

- "[A]ny other order this Court deems necessary in light of [the purported evidence of hacking and evidence tampering], including using the Court's discretion to issue sanctions against Defendants' counsel."

*See* [*id.*].   The court addresses each of these requests in turn.

      ***Three Months to Submit an Amended Expert Report*.**   First, Ms. Curtis requests that the court enter an order granting her three months to "submit an amended expert report to include filings from all of Plaintiff's computers, [Mr. Limpus's] computer and [Mr. Adams's] computer and allow her time to fix her computer, hire an expert to come to her residence, do an analysis and try to get her into a safe computer environment."  [*Id.* at 14].  It is not entirely clear whether Ms. Curtis seeks an extension of the discovery deadline so that her expert, Michael Saylor ("Mr. Saylor") may amend his expert report, whether she seeks additional time for submission of a new expert report from the new expert she intends to hire, or both.  Regardless, the court does not find that extraordinary circumstances exist to amend the Scheduling Order for this purpose.

8

With respect to Mr. Saylor, Plaintiff has an affirmative duty to supplement an expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)-(2). This duty to supplement "continues even after the discovery period closes." *Seidman v. Am. Fam. Mut. Ins. Co*., No. 14-cv-03193-WJM-KMT, 2016 WL 9735768, at *2 (D. Colo. May 26, 2016), *aff'd*, 2016 WL 6518254 (D. Colo. Nov. 3, 2016); *see also* Fed. R. Civ. P. 26(e)(2) (stating that any additions or changes to an expert's report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," i.e., 30 days before trial unless the court orders otherwise). Thus, extraordinary circumstances do not warrant an extension of the discovery deadline where Plaintiff already has an obligation to provide any additional information to Defendants should she determine that Mr. Saylor's expert report is incomplete or in need of correction.

With respect to Plaintiff's assertion that she needs a three-month extension of the discovery deadline to hire a new expert to "try to figure out how Defendants have hacked her third new computer" and "to image [Mr. Limpus's] iMac . . . and determine where it had joined a remote network, . . . do an analysis and to try to prevent further hacks," [Doc. 177 at 9], the court similarly does not find extraordinary circumstances here. As an initial matter, while the court expressly declines to pass on the strength of Plaintiff's new evidence or whether it demonstrates or suggests that Defendants have hacked Plaintiff's, or any other person's, electronic devices, the court finds that, in her Motion, Plaintiff has failed to demonstrate that this evidence constitutes extraordinary circumstances to amend the Scheduling Order. Although Ms. Curtis lists a number of occurrences related to her devices that she finds peculiar or suspicious and asserts that this evidence "can directly tie the hacking to the Defendants," Ms. Curtis has not adequately explained how these issues could be tied to Defendants beyond mere speculation. Moreover, Ms. Curtis does not

represent that she is an expert in the field so as to give credence to her claims that the new evidence "directly tie[s] the hacking to the Defendants." [*Id.* at 1]. In addition, it is unclear how evidence of hacking of Mr. Limpus's computer—when he is not a party—is relevant to the claims or defenses in this action. Finally, the court simply notes that Plaintiff's own expert was asked at his October 1, 2021 deposition—which occurred after Plaintiff's purported discovery of this new evidence—whether he had "seen any evidence that the Defendants hacked into Plaintiff's personal computers remotely." [Doc. 182-1 at 163:6-8].[11] Mr. Saylor responded, "no." [*Id.* at 163:9].

Insofar as Plaintiff seeks to hire a new expert to analyze new evidence, the court construes her request here as a request to re-open discovery. The Tenth Circuit has identified several factors relevant to the decision to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). The court finds that these factors weigh against discovery being re-opened here. Although a trial is not yet scheduled and Plaintiff asserts that much of this new evidence was discovered after the close of discovery, the Defendants oppose Plaintiff's request. [Doc. 182 at 2; Doc. 183 at 7]. Moreover, the court finds that the scope of Plaintiff's request—an additional three months to obtain a new expert and submit an expert report, plus any attendant depositions, plus attendant extensions of the Rule 702 and

---

[11] When citing a transcript, the court cites the document number generated by the Electronic Court Filing system but the page and line numbers generated by the transcript. Moreover, this court notes that the transcript excerpts submitted by the Chasefield Defendants [Doc. 182-1] and the Boccus Group Defendants [Doc. 183-1] are only rough drafts of the deposition transcript, given the recency of Mr. Saylor's October 1, 2021 deposition.

dispositive motions deadline—would unduly delay this case, which has been pending since June 2020 and which has already required substantial discovery delays, thus prejudicing Defendants. *See Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2014 WL 7146185, at *3 (D. Colo. Dec. 15, 2014) ("[A]t this late stage of litigation, forcing Defendants to reopen discovery and expend additional time and resources on it would be prejudicial, especially as there is no clear indication that some of the documents Plaintiff requests exist.").

Moreover, and importantly, the court does not find that any additional discovery is likely to lead to relevant evidence. "A party moving to reopen discovery is expected to identify the information it now seeks but was unable to obtain during the discovery period." *Anderson v. GMRI, Inc.*, No. 19-2769-KHV-ADM, 2021 WL 274509, at *3 (D. Kan. Jan. 27, 2021). Mere speculation that relevant evidence *might* be discovered will not suffice. *Koch v. Koch Indus., Inc.*, No. 85-1636-SAC, 1997 WL 447822, at *4 (D. Kan. May 2, 1997). Ms. Curtis does not explain why she must hire a new expert to conduct this new analysis beyond stating that she needs a Denver-based expert to image Mr. Limpus's computer, which is a desktop that "cannot be mailed." [Doc. 177 at 9]. Ms. Curtis's request for additional time to hire a new expert thus appears to be based solely on the "new evidence" that an LKDC setup was done on Mr. Limpus's computer on September 3, 2019, which Ms. Curtis states is "suspicious." [*Id.* at 7]. However, Plaintiff's own expert stated at his deposition that an LKDC setup on a computer is common and is not suspicious "on its own." [Doc. 183-1 at 140:4-18]. Ms. Curtis's desire to find a different expert who might offer a more favorable opinion does not constitute good cause. For these reasons, the court finds that circumstances do not exist to extend the discovery deadline or re-open discovery to permit Plaintiff three months to either amend Mr. Saylor's report or hire a new expert. Insofar as Plaintiff requests this extension, the Motion is **DENIED**.

***One Month to Take Depositions After Submission of the Amended Expert Report***. Plaintiff requests that the Parties be granted leave to take depositions "over a one . . . month period of time after the expert rebuttal report is submitted." [Doc. 177 at 14]. Because the court has concluded that extraordinary circumstances do not warrant additional expert discovery here, the court **DENIES** the Motion for Extension of Time insofar as it seeks an extension of time to take expert depositions.[12]

***One Month to Upload Additional Discovery Documents***. Next, Plaintiff requests one month "to upload the additional responsive discovery documents, including the additional screenshots of the older computers that did not upload prior to the discovery cut off because of issues with Plaintiff's computer." [*Id.*]. Plaintiff represents that she "recently uploaded all of the relevant discovery by the deadline of September 2, 2021,[13] however all of the documents didn't upload." [*Id.* at 8]. Ms. Curtis asserts that she was unable to upload approximately 5,000 documents. [*Id.*]. She suggests that her computer is broken and "requests that once her computer is fixed, the Court will grant her an extension of time to upload the rest of her discovery." [*Id.* at 9]. The Chasefield Defendants respond that this request should be denied because Plaintiff has "failed to produce any evidence to connect any Defendant to any of her Computer-Related Claims, and [Plaintiff] should not be entitled to more time now to develop her case." [Doc. 182 at 3]. In addition, the Boccus Group Defendants assert that, prior to filing this Motion, "Plaintiff never notified defendants of her failure to respond to discovery requests to the tune of thousands of documents" and should "be precluded from offering these documents." [Doc. 183 at 8].

---

[12] This ruling does not change this court's prior order that the court may require Mr. Saylor to be available for an additional deposition depending the court's ruling on any future motion to compel. *See* [Doc. 180 at 4].

[13] The discovery deadline in this case was September 1, 2021, *see* [Doc. 125], notwithstanding limited exceptions not relevant here.

The court does not find that extraordinary circumstances exist to warrant extending the discovery deadline by one month to permit Plaintiff to upload unidentified and undescribed documents. Ms. Curtis does not indicate whether these documents were to be produced in response to a request for production, but if they were, Ms. Curtis has an ongoing duty to supplement her response "in a timely manner if [she] learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Thus, neither an extension of the discovery deadline nor a court order, in that case, would be required for Ms. Curtis to supplement her incomplete production of documents. Moreover, Ms. Curtis has not described these documents or explained why they are relevant to her claims in this case, nor has she clearly explained her present ability to access to these documents or the way in which her computer needs to be "fix[ed]" so that she can upload these documents, nor does she explain why one month is either required or sufficient to produce such documents. *See generally* [Doc. 177]. Thus, the court cannot conclude that Ms. Curtis has demonstrated that extraordinary circumstances warrant an extension of the discovery deadline so that she may produce additional documents to Defendants. To the extent the Motion requests such an extension, the Motion is **DENIED**.

***Two Months to Confer and Resolve Discovery Issues***. Ms. Curtis seeks two months "to confer and resolve all of the discovery issues related to Defendants' discovery responses." [Doc. 177 at 14]. Ms. Curtis does not identify the "discovery issues" she references, nor does she explain why she did not, or could not, confer with Defendants and address such issues prior to the discovery deadline, e.g., when she received Defendants' discovery responses. *See generally* [*id.*]. Plaintiff's transition to representing herself in this matter is insufficient to demonstrate good cause, *see Lord v. Hall*, No. 10-cv-02695-PAB-KLM, 2011 WL 3861569, at *2 (D. Colo. Sept. 1, 2011) (observing that courts are reluctant to set a precedent of allowing a 'do-over' when new counsel

enters an appearance), and Plaintiff is bound by her counsel's prior strategic decisions in this matter. *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1288-89 (D.N.M. 2009). For this reason, the court does not find good cause to amend the Scheduling Order under Rule 16(b). *See Rehburg v. Bob Hubbard Horse Transp., Inc.*, No. CV 18-00531 KWR/JHR, 2020 WL 563375, at *4 (D.N.M. Feb. 5, 2020) (finding no good cause to amend the scheduling order when the moving party failed to explain why she could not meet the applicable deadline). The Motion for Extension of Time is hereby **DENIED** insofar as it seeks an extension of the discovery deadline to permit Plaintiff to produce additional documents.

*Depositions*. Plaintiff also seeks leave to conduct the depositions of the Chasefield Defendants, "the rebuttal expert," and Defendant Seth Everson. [Doc. 177 at 14]. Plaintiff does not identify the "rebuttal expert" she seeks to depose. Insofar as it is the new expert who she now seeks to identify and designate, the court has already denied Plaintiff's request to re-open discovery for a new expert, and thus, Ms. Curtis's request to depose that expert is denied. Insofar as it is an existing rebuttal expert of the Defendants', Ms. Curtis has failed to articulate sufficient diligence and good cause to warrant a deposition out of time.

The Chasefield Defendants "agree that some time should be allotted for deposition testimony concerning" Plaintiff's non-Computer-Related Claims. [Doc. 182 at 6]. In addition, the Chasefield Defendants "do not object to the time Plaintiff requests for their depositions, *i.e.*, four days total" and request that the depositions occur before November 1, 2021. [*Id.*]. However, the Parties' consent is insufficient to amend the Scheduling Order; rather, there must be good cause (and here, extraordinary circumstances) to do so. Fed. R. Civ. P. 16(b)(4). As to the Boccus Group Defendants, they oppose Plaintiff's request on the basis that "Plaintiff has failed to demonstrate

extraordinary circumstances that would justify [an] extension of the deposition deadline." [Doc. 183 at 8].

The court notes that Ms. Curtis has failed to explain in her Motion for an Extension of Time why she could not take these depositions prior to the discovery deadline. *See generally* [Doc. 177]. Instead, Plaintiff asserts that "it would not have been in [her] best interest to take depositions or serve discovery until all of the expert reports were submitted, which occurred on September 2, 2021." [*Id.* at 10]; *see also* [*id.* at 3 (Plaintiff asserting that it is in her best interest to schedule depositions "as close to the discovery deadline as possible")]; [*id.* at 10 ("The continued hacking and the constant discovery of new evidence is the reason Plaintiff wanted to wait as long as possible to take depositions and serve discovery.")]. Rule 26(d)(2) of the Federal Rules of Civil Procedure is clear that, absent agreement by the Parties or order of the court, the methods of discovery can be used in any sequence and courts have held that "the Rules do not mandate discovery based on one party's preference." *Moonbeam Cap. Invs., LLC v. Integrated Constr. Sols., Inc.*, No. 18-cv-12606, 2019 WL 2163133, at *2 (E.D. Mich. May 17, 2019).

Plaintiff was on notice of the September 1, 2021 discovery deadline as of April 14, 2021. [Doc. 125]. Plaintiff also, presumably, knew that if she intended to depose Defendants in this case, such depositions—even if taken right before the discovery cutoff—would need to be noticed at least fourteen days prior to the date(s) of the depositions(s). *See* D.C.COLO.LCivR 30.1 ("Unless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6."). But here, Plaintiff admitted in a previous motion for an extension of time that she did not serve deposition notices on Defendants until August 27, 2021—four days prior to the discovery deadline, [Doc. 157 at ¶ 10], and all Defendants' noticed depositions were scheduled for after the discovery cutoff. [*Id.* at ¶ 39]. Her desire to conduct

depositions close in time to the discovery deadline does not explain the failure to comply with that deadline.

Moreover, Plaintiff asserts that she "wanted to wait as long as possible to take depositions" due to "[t]he continued hacking and the constant discovery of new evidence." [Doc. 177 at 10]. However, Ms. Curtis states <u>repeatedly</u> in her Motion that the "new evidence" upon which her Motion is based was discovered *after* she noticed Defendants' depositions. *See* [*id.* at 1; 2; 7; 8 (discussing new evidence purportedly discovered in September 2021)]; *see also* [*id.* at 9 (discussing new evidence purportedly discovered on August 30, 2021 and following days)]. Plaintiff does not explain why this evidence can simultaneously serve both as the justification to amend the Scheduling Order on the basis that this information was not available to her prior to the discovery deadline and the justification for delaying the depositions of Defendants past the discovery deadline. *See* [*id.*].  The court thus finds that Plaintiff has not explained how she has been diligent in attempting to meet the discovery deadline in this case; respectfully, Ms. Curtis's assertions that she has demonstrated diligence because she "has spent thousands of hours researching her computers and has taken over 15,000 screenshots," [*id.* at 10], fails to articulate how, having three separate opportunities [Doc. 148; Doc. 157; Doc. 177], Plaintiff was diligent <u>in attempting to meet this court's long-scheduled deadlines</u>.  [Doc. 155; Doc. 173].

With this said, considering the procedural posture of this case; the numerous discovery delays and disputes; the Parties' expected upcoming motions for summary judgment, *see, e.g.*, [Doc. 182 at 7]; and the seeming conflict between Plaintiff and her counsel [Doc. 158], the court finds that good cause exists to amend the Scheduling Order for the <u>limited purpose of completing Defendants' depositions</u>.  The court does not reach such conclusion lightly.  But it is well-settled that "justice favors allowing a claim to be tried on the merits," *see Johnson v. Peay*, No. 1:14-cv-

16

147-TC-BCW, 2015 WL 7112942, at *2-3 (D. Utah Nov. 13, 2015), and the testimony of Defendants is likely not only relevant, but central, to the resolution of this action. Though it could require Ms. Curtis to file yet another motion, this court concludes that it is not in the interest of judicial economy to do so. The court thus finds good cause to amend the Scheduling Order to prevent further delays, motions, and briefing in this case, to finally close discovery, and to allow one last opportunity to complete the factual record for the presiding judge. *See Pia v. Supernova Media, Inc.*, No. 2:09-cv-840-CW-PMW, 2012 WL 1145943, at *3 (D. Utah Apr. 5, 2012) (finding good cause to amend the scheduling order even where the movants "could have sought to take . . . depositions much earlier in th[e] case" but where "full discovery often facilitates resolution of cases when the parties are more fully informed about all the relevant facts"); *Ayon v. Kent Denver Sch.*, No. 12-cv-02546-WJM-CBS, 2014 WL 85287, at *3 (D. Colo. Jan. 9, 2014) ("District courts are 'afforded wide discretion' to apply the 'good cause' standard under Rule 16(b).") (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)); *cf. Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 203 (W.D.N.Y. 2005) (court *sua sponte* finding good cause to amend the scheduling order); Fed. R. Civ. P. 16(b)(4) (amendments to the scheduling order require good cause and the judge's consent).

Accordingly, the court will **GRANT** the Motion insofar as Plaintiff seeks an extension of the discovery deadline <u>for the limited purpose of deposing Defendants</u>. With respect to the Chasefield Defendants, Plaintiff may depose them for **four days of seven (7) hours total**. Because there is not presently a dispute as to the time allotted for each individual Chasefield Defendant, the court declines to make any ruling with respect to such allotment of time. If the Parties cannot come to a mutual agreement as to how to allot time to depose the Chasefield Defendants, the Parties shall **<u>jointly</u>** contact the court, **<u>only after a robust telephonic meet and confer</u>**, to set a

discovery dispute conference.  In addition, the court **ORDERS** that the Parties shall meet and confer as to a mutually agreeable dates and times for the Chasefield Defendants' depositions and shall hold those depositions on or before **November 1, 2021**.  In scheduling and noticing such depositions, Plaintiff must comply with the Federal Rules of Civil Procedure and Local Rules of Civil Practice.  <u>**No further extensions of this deadline will be granted absent extraordinary circumstances.**</u>

As to the Boccus Group Defendants, they argue that "Plaintiff has failed to demonstrate extraordinary circumstances that would justify extension of the deposition deadline." [Doc. 183]. For the reasons stated herein, the court will **GRANT** Plaintiff's Motion insofar as Plaintiff seeks an extension of the discovery deadline to depose the Boccus Group Defendants.  With respect to the parameters of such deposition, Plaintiff seeks 14 total hours to depose the Boccus Group Defendants, i.e., Seth Everson and Boccus Group LLC, on the basis that this "is the same number of hours given to Defendants for Plaintiff's deposition." [Doc. 177 at 14].  Meanwhile, the Boccus Group Defendants assert that four hours total is appropriate.  [Doc. 183 at 8].[14]  Relevant to this court's analysis, the Boccus Group Defendants' previously represented that Mr. Everson "is the only person with knowledge for [D]efendant Boccus Group, making him effectively one party." [Doc. 171 at 7].

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  However, the court has discretion to alter Rule 30's presumptive deposition length.  *See* Fed. R. Civ. P. 26(b)(2)(A); *see also Tritt v. Automatic Data Processing, Inc.*, No. 3:06-cv-2065 (CFD), 2009 WL 10687951, at *3 (D. Conn. Sept. 15, 2009) ("District

---

[14] The Boccus Group Defendants previously requested that, if the court were to grant Plaintiff leave to depose them, that their deposition be limited to seven hours.  *See* [Doc. 171 at 7].  The Boccus Group Defendants do not explain the change in their position.  *See generally* [Doc. 182].

courts generally have broad discretion to set the length of depositions appropriate to the circumstances of the case.") (quotation omitted).  Here, Plaintiff has not explained why she needs 14 hours to depose the Boccus Group Defendants, particularly in light of the fact that Mr. Everson will be the Boccus Group's Rule 30(b)(6) representative.  *See generally* [Doc. 177].  The fact that the <u>twelve</u> named Defendants were <u>collectively</u> permitted 14 hours to depose Plaintiff, the claimant in this case, has no bearing on the appropriate length of the Boccus Group Defendants' depositions. On the other hand, the Boccus Group Defendants have not articulated why a deposition limit of four hours is appropriate; a cursory statement concerning "all [Mr.] Everson will testify to" is speculative, as the questions Plaintiff seeks to ask the Boccus Group Defendants are not yet known. Accordingly, the court **ORDERS** that Plaintiff may depose Mr. Everson, individually and as the Rule 30(b)(6) representative of Boccus Group, for **one day of seven hours total**.  The Parties shall meet and confer as to a mutually agreeable date and time for this deposition and shall hold this deposition on or before **November 1, 2021**.  In scheduling and noticing such deposition, Plaintiff must comply with the Federal Rules of Civil Procedure and Local Rules of Civil Practice.  <u>**No further extensions of this deadline will be granted absent extraordinary circumstances.**</u>

***Extension of the Rule 702 Motions Deadline***.   Next, Ms. Curtis requests that the Rule 702 motions deadline be extended one month beyond the discovery deadline.  [Doc. 177 at 14]. Given this court's denial of Plaintiff's request to extend the discovery deadline generally, the court will also deny this request.  Plaintiff has articulated no basis in her Motion explaining why she cannot meet the current deadline of November 1, 2021, which has not yet passed, and given that this court has denied Plaintiff's request for further expert discovery, the court finds that she should be able to do so.  Thus, Plaintiff's Motion for Extension of Time is **DENIED** to the extent it seeks an extension of the Rule 702 motions deadline.

***Extension of the Dispositive Motions Deadline***.  Plaintiff additionally seeks an extension of the dispositive motions deadline to one month beyond the discovery deadline.  [*Id.*].  The Boccus Group Defendants do not respond to this request, *see* [Doc. 183], but the Chasefield Defendants "propose December 1, 2021 for the dispositive motion deadline."  [Doc. 182 at 6].  Although no Party articulates why they cannot meet the current November 1, 2021 deadline, the court finds that good cause exists to extend this deadline to account for the depositions of Defendants.  Accordingly, it is **ORDERED** that the Motion is **GRANTED in part** insofar as it seeks an extension of the dispositive motion deadline.  The Parties shall file dispositive motions on or before **December 1, 2021**.  <u>No further extensions of this deadline will be granted absent extraordinary circumstances, which will require a specific, detailed showing of such extraordinary circumstances and a specific, detailed explanation as to why this deadline could not be met.  The taking of Defendants' depositions alone will not constitute extraordinary circumstances to amend the Scheduling Order.</u>

***Sanctions***.  Finally, Plaintiff requests this court enter "any other order this Court deems necessary . . . including using the Court's discretion to issue sanctions against Defendants' counsel."  [Doc. 177 at 15].  Insofar as this can be construed as a request that the court impose sanctions on defense counsel, Plaintiff has asserted no factual basis for sanctions against Defendants' counsel beyond stated that "[t]he lawyers in this case are just as responsible as the Defendants for not controlling their clients," [*id.* at 4], and Plaintiff has not explained the legal basis for sanctions or articulated the specific sanctions she seeks.  *See generally* [*id.*]; *see also United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner . . . are waived.").  Accordingly, the Motion for an Extension of Time is **DENIED** to the extent it seeks the imposition of sanctions.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1)     Plaintiff's Renewed Motion for Extension of Time [Doc. 177] is **GRANTED in part** and **DENIED in part**;

(2)     The discovery deadline **REMAINS SET** except for the narrow exceptions expressly set forth in this Order;

(3)     The deadline to file motions under Rule 702 **REMAINS SET**.  **No further extensions of this deadline will be granted absent extraordinary circumstances**;

(4)     The deadline to file dispositive motions is **RE-SET** for **December 1, 2021**.  **No further extensions of this deadline will be granted absent extraordinary circumstances**.[15]

DATED:  October 8, 2021                    BY THE COURT:

                                           Nina Y. Wang
                                           United States Magistrate Judge

---

[15] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").