IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01873-DDD-NYW

JULIE ADAMS CURTIS,

      Plaintiff,

v.

LEVER UP INC.,
PAKEMS LLC,
CHASEFIELD CAPITAL INC.,
CHASEFIELD REAL ESTATE, LLC,
SCB GLOBAL CAPITAL MANAGEMENT, LLC,
BOCCUS GROUP LLC,
HAROLD PINE,
WALTER VAN WOUDENBERG,
RUSS MATTHEWS,
JORDAN PINE,
KELLIE BEIERS,
SETH EVERSON, and
JOHN DOES 1-10,

      Defendants.

---

## ORDER GRANTING MOTION TO COMPEL

---

This matter is before the court on Defendants' Joint Motion to Compel Plaintiff's Expert Documents (the "Motion" or "Motion to Compel") [Doc. 190] filed on October 15, 2021 by the Boccus Group Defendants[1] and the Chasefield Defendants[2] (collectively, "Defendants"). The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b), the Order Referring Case

---

[1] The term "Boccus Group Defendants" refers to Defendants Seth Everson and Boccus Group, LLC. *See* [Doc. 185 at 2 n.3].

[2] The term "Chasefield Defendants" refers to the following Defendants: Lever Up, Inc.; Pakems LLC; Chasefield Capital, Inc.; Chasefield Real Estate, LLC; Harold Pine; Walter van Woudenberg; Jordan Pine; and Kellie Beiers. *See* [Doc. 185 at 2 n.2].

dated June 25, 2020 [Doc. 4], and the Order Referring Motion dated October 15, 2021 [Doc. 191].

The court ordered Plaintiff Julie Adams Curtis ("Plaintiff" or "Ms. Curtis") to respond to the

Motion on or before October 25, 2021.  [Doc. 192].  Plaintiff did not file a response by the deadline

set by the court.  Being fully advised in the premises, the court **GRANTS** the Motion to Compel.

### BACKGROUND

This court has previously set out the factual and procedural background of this case in

detail, *see, e.g.*, [Doc. 155], and will do so here only as necessary to rule on the pending Motion.

Plaintiff initiated this civil action on June 25, 2020, [Doc. 1], and filed an Amended Complaint on

October 22, 2020, raising eighteen claims against the various Defendants.  [Doc. 78].[3]  Throughout

discovery in this case, this court has entertained and granted numerous requests for extensions of

time for the Parties to complete discovery-related tasks and has addressed numerous discovery

disputes between the Parties.  *See, e.g.*, [Doc. 113; Doc. 119; Doc. 120; Doc. 121; Doc. 125; Doc.

133; Doc. 142; Doc. 143; Doc. 157; Doc. 173; Doc. 176; Doc. 179; Doc. 180; Doc. 194].  Relevant

here, on September 28, 2021, certain Defendants contacted the undersigned's chambers via email

and requested a telephonic discovery conference to discuss, *inter alia*, Plaintiff's refusal to produce

materials provided to her expert, Michael Saylor ("Mr. Saylor"), which Plaintiff asserted were

privileged.  *See* Attach. 1.  The request was made days before the scheduled October 1, 2021

---

[3] Specifically, Plaintiff raises the following claims: (1) violation of the Stored Communications Act; (2) violation of the Federal Wiretap Act; (3) violation of the Computer Fraud and Abuse Act (collectively, the "Computer-Related Claims"); (4) invasion of privacy; (5) gender discrimination in violation of the Colorado Anti-Discrimination Act ("CADA"); (6) aiding and abetting a sexually hostile work environment in violation of CADA; (7) disability discrimination in violation of CADA; (8) retaliation in violation of CADA; (9) wrongful discharge in violation of public policy; (10) outrageous conduct; (11) breach of duty of loyalty; (12) intentional interference with prospective business advantage; (13) conspiracy; (14) intentional interference with contractual relations; (15) defamation; (16) promissory estoppel; (17) breach of covenant of good faith and fair dealing; and (18) alter-ego liability.  *See generally* [Doc. 78].  It is not entirely clear which Defendants are subject to each of Plaintiff's substantive claims.  *See generally* [*id.*].

deposition of Mr. Saylor. *See* [*id.*]; *see also* [Doc. 176].  This court entered a Minute Order

denying the request for a discovery conference.  [Doc. 176].  The court ordered Plaintiff to submit

any documents to which she intended to invoke a privilege pursuant to Rule 26(b)(4) to the court

for in camera review no later than the close of business September 29, 2021.  [*Id.*].[4]   The court

reiterated this order on September 29, 2021.  [Doc. 179].

Plaintiff elected to submit the documents to the court for in camera review.  *See* [Doc. 180].

In that submission, Plaintiff stated that "[i]t is Plaintiff's argument that these documents were

withheld on the basis that Mr. Saylor was advising, educating and/or assisting counsel in the

preparation of the case.  These communications were at a point in time when Mr. Saylor was acting

as a consulting expert when opinions had not been fully formed[,] as opposed to a testifying

expert."  *See* Attach 2.

On September 30, 2021, this court issued a Minute Order expressly declining to rule on

whether Plaintiff had successfully established that the documents were privileged.  *See generally*

[Doc. 180].  Specifically, the court stated: "The court has reviewed the documents submitted by

Plaintiff and, at this juncture, <u>declines to rule whether Plaintiff has met her burden of establishing</u>

<u>that the Subject Documents sought by Defendants are privileged under Rule 26(d)(4)(D)</u>."  [*Id.* at

3 (emphasis added)].  The court noted that the documents submitted by Plaintiff (the "Subject

Documents") were voluminous and determined that it was without sufficient "information as to

the nature and/or evolution of Mr. Saylor's expert role in this matter," as well as information

relating to "the documents, materials, or information Mr. Saylor relied upon in constructing his

expert reports," so as to meaningfully determine whether such a privilege exists here.  [*Id.*].  The

---

[4] In the alternative, the court ordered to produce the documents to Defendants no later than 10:00
a.m. on September 30, 2021.  [Doc. 176].

court thus concluded that formal briefing was required to resolve this issue and ordered Defendants, to the extent they continued to seek disclosure of the Subject Documents, to file a motion to compel on or before October 11, 2021.  [*Id.* at 4].[5]  Defendants' Motion to Compel is now ripe for disposition.

**LEGAL STANDARD**

**I.      Rule 26**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery in this action.  Fed. R. Civ. P. 26(b)(1).  Expert-witness discovery is governed by Rule 26(b)(4), which "distinguishes between experts whose opinions will be presented at trial, referred to as 'testifying experts,' and experts employed solely for trial preparation, referred to as 'non-testifying experts' or 'consulting experts.'"  *United States ex rel. Scott v. Humana Inc.*, No. 3:18-cv-00061-GNS-CHL, 2021 WL 3909906, at *3 (W.D. Ky. Aug. 31, 2021) (citing Fed. R. Civ. P. 26(b)(4)).  With respect to testifying experts, Rule 26 provides a work-product protection to communications between a party's counsel and the testifying expert, unless the communications relate to the expert's compensation for his or her study or testimony; "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or . . . identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."  Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

With respect to consulting experts, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed

---

[5] Defendants filed a motion to compel on October 11, 2021, which was stricken for failure to comply with the conferral requirements of Local Rule 7.1(a).  [Doc. 186; Doc. 189].  The court permitted Defendants to file a compliant motion on or before October 15, 2021, *see* [Doc. 189], which is the current Motion pending before the court.  [Doc. 190].

by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(e)(4)(D). Thus, "[a] non-testifying expert . . . is generally immune from discovery." *Schwab v. Philip Morris USA, Inc.*, No. 04-cv-1945 (JBW), 2006 WL 721368, at *2 (E.D.N.Y. Mar. 20, 2006) (quotation and emphasis omitted). Where a party seeks to prevent the disclosure of documents or information on the basis that such documents or information are privileged pursuant to Rule 26(d)(4)(D), the burden of establishing that the privilege applies lies with the party seeking to prevent discovery. *Ark. River Power Auth. v. Babcock & Wilcox Co.*, 310 F.R.D. 492, 495 (D. Colo. 2015).

## II.      Rule 37

Pursuant to Rule 37(a)(1), a party may move for a court order compelling disclosure or discovery and must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A motion to compel may include a party's failure to produce documents requested pursuant to Rule 34. *See* Fed. R. Civ. P 37(a)(3)(B)(iv). Ultimately, "[t]he administration of the rule[] lies necessarily within the province of the trial court with power to fashion such orders [as] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

### ANALYSIS

Defendants seek a court order compelling Plaintiff to produce communications between Mr. Saylor and Plaintiff and Mr. Saylor and Plaintiff's attorneys.[6] [Doc. 190 at 6]. Defendants

---

[6] Ms. Curtis has been represented by Chris Limpus ("Mr. Limpus") since the inception of this case. See [Doc. 1]. On September 7, 2021, Mr. Limpus moved to withdraw as an attorney, [Doc. 158], which the court denied with leave to re-file upon the resolution of the pending Motion for Sanctions. [Doc. 165]. On September 22, 2021, Ms. Curtis, who is an attorney, entered an

argue generally that communications with Mr. Saylor are not privileged because they (1) were made in Mr. Saylor's testifying-expert capacity; and  (2) contained information that Mr. Saylor considered in forming his expert opinions.  [*Id.* at 5].  In support, Defendants assert that, at his deposition, Mr. Saylor testified that he was retained by Plaintiff on March 26, 2021 for "consulting purposes."  [*Id.* at 4; Doc. 190-5 at 3:17-24[7]].  However, Mr. Saylor indicated that the agreement he signed contemplated that he might be an expert for trial.  [Doc. 190 at 4; Doc. 190-5 at 4:20-5:2].  He further stated that he was asked to provide an expert report around the "end of May, first of June."  [Doc. 190-5 at 5:15-23].  According to Defendants, Plaintiff has not met her burden of demonstrating that the communications in the Subject Documents were made solely in the scope of Mr. Saylor's role as a consulting expert, and any doubt as to the assertion of a privilege should be resolved in favor of disclosure.  [Doc. 190 at 6].

As this court has previously explained, consulting experts "are subject to more stringent discovery rules than those applicable to testifying experts."  *Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17-cv-07994 (AT) (DF), 2021 WL 2186433, at \*4 (S.D.N.Y. May 28, 2021) (quotation omitted).  "Occasionally, courts must determine which standard applies to an expert who wears 'two hats' by serving as both a non-testifying consultant and a testifying expert" in the same case.  *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419 (N.D. Ill. 2011).  "When an expert serves in these two roles, courts 'are forced to grapple with what must be disclosed when an expert alternately dons and doffs the "privileged" hat of a litigation consultant and the "non-privileged" hat" of the testifying witness.'"  *Rio Tinto*, 2021 WL 2186433, at \*5 (quoting *Emps. Committed*

---

appearance in this case.  [Doc. 175].  Though not entirely clear, it appears that Ms. Curtis has been solely representing herself since that time.

[7] When citing a transcript, the court cites the document number generated by the Electronic Court Filing system but the page and line numbers generated by the transcript.

*for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008)).  Indeed, when an expert

serves as both a consulting and a testifying expert in the same case, "privilege applies only to those

materials generated or considered uniquely in the expert's role as consultant." *Ansell Healthcare*

*Prod. LLC v. Reckitt Benckiser LLC*, No. 15-cv-00915-RGA, 2017 WL 6328149, at \*2 (D. Del.

Dec. 11, 2017) (quotation and alteration marks omitted).  "In determining [the role in which an

expert is serving] when engaging in particular communications, courts . . . look to whether the

communication contains information that the expert 'considered' in forming his testifying

opinion." *Humana*, 2021 WL 3909906, at \*5.

  As the Party asserting the privilege, Plaintiff bears the burden of establishing that such

privilege exists. *See In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 539 (N.D.

Ohio 2008) ("It is well-settled that the party asserting a privilege bears the burden of establishing

it.").  More specifically, Plaintiff "must demonstrate that 'the information considered [by Mr.

Saylor] for consulting expert purposes was not also considered pursuant to [his] testifying

function.'" *Ansell Healthcare*, 2017 WL 6328149, at \*2 (quoting *Bro-Tech Corp. v. Thermax,*

*Inc.*, No. CIV. 05-cv-02330, 2008 WL 724627, at \*2 (E.D. Pa. Mar. 17, 2008)).  In other words,

"[a] clear distinction must be made between documents the expert considered in his role as a

consultant and those he considered in his role as a testifying expert." *Oklahoma v. Tyson Foods,*

*Inc.*, No. 05-cv-00329-GKF-PJC, 2009 WL 1578937, at \*5 (N.D. Okla. June 2, 2009) (emphasis

added).  Notably, "[w]hen the subject matter in the material at issue directly relates to an opinion

in the expert's report, there will be an ambiguity.'" *Ansell Healthcare*, 2017 WL 6328149, at \*2

(quotation omitted and alteration marks revised).  When such ambiguity exists, "a court should

order disclosure." *Id.*; *see also B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of N.Y., Inc.*,

171 F.R.D. 57, 62 (S.D.N.Y. 1997) ("[A]ny ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery.").

In its September 30, 2021 Minute Order, the court expressly declined to pass on whether Plaintiff had sufficiently invoked a privilege with respect to the Subject Documents. [Doc. 180 at 3]. Moreover, the court specifically described the missing information which prevented it from ruling on the privilege issue: information related to "the nature and/or evolution of Mr. Saylor's expert role in this matter" and information with respect to "the documents, materials, or information Mr. Saylor relied upon in constructing his expert reports," [*id.*]; in other words, the court concluded that it was missing relevant information that is uniquely and solely possessed by Plaintiff and/or Mr. Saylor. [*Id.*]. Finally, the court noted that, where there is an ambiguity in the role played by an expert or the documents or information considered by that expert, the ambiguity should be resolved in favor of disclosure. [*Id.* (quoting *B.C.F. Oil*, 171 F.R.D. at 62)].

Despite this court's clear ruling, Plaintiff failed to respond to the Motion to Compel. Although Plaintiff is representing herself, she is a licensed attorney, and is thus not entitled to any liberal construction of her filings. *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Moreover, she is required to comply with the Federal Rules of Civil Procedure and governing case law, *see Watts v. Anthem Inc.*, No. 18-cv-01732-NYW, 2018 WL 4742557, at *2 (D. Colo. Oct. 2, 2018), as well as orders of the court. *West v. Shannon*, No. 07-cv-01441-WDM-KMT, 2008 WL 4197446, at *1 (D. Colo. Sept. 10, 2008). Plaintiff's failure to respond to the Motion to Compel means that she has waived her opportunity to demonstrate to the court when Mr. Saylor acted in his capacity as a consulting expert versus a testifying expert or which documents Mr. Saylor considered, or did not consider, in forming his expert opinions. *Cf. Davis v. Fed. Bureau of Prisons*, No. 15-cv-00884-WJM-MJW, 2018 WL 1062409, at *2 (D. Colo. Feb. 27, 2018)

("Plaintiff was still required to file a response to Defendant's Motion, if he wanted the Magistrate Judge to consider his opposition to Defendant's Motion."); *Harper v. Montezuma Cty. Bd. of Comm'rs*, No. 12-cv-02429-CMA-KLM, 2013 WL 1953318, at \*2 (D. Colo. May 9, 2013) ("The Court further notes that Plaintiff did not respond to the motions; therefore, they are unopposed.").

Because it is Plaintiff's burden to establish Mr. Saylor's role in this action and in making the communications in the Subject Documents, and because she has not done so, the court must construe any ambiguity in favor of disclosure. *McCormick v. Halliburton Energy Servs., Inc.*, No. CIV-11-1272-M, 2015 WL 2345310, at \*3 (W.D. Okla. May 14, 2015) ("[T]he Court finds it is unable to determine the scope of Mr. Dent's consulting role during the mediation proceedings. Since it is defendant's burden to establish that the materials generated during Mr. Dent's consulting role are protected by the work product rule and defendant has failed to meet this burden, the Court finds the ambiguity as to the role played by Mr. Dent should be resolved in favor of plaintiffs."); *Ansell Healthcare*, 2017 WL 6328149, at \*3 (ordering production of documents where the plaintiff "ha[d] failed to establish a 'clear distinction' between [the expert's] role as a consulting expert and his role as a testifying expert"). The Subject Documents previously reviewed by the court contain communications between Mr. Saylor and Mr. Limpus and/or Mr. Saylor and Ms. Curtis occurring after Mr. Saylor was asked to produce an expert report, *see* [Doc. 190-5 at 5:15-23; 6:10-13], which suggests that those later communications (and the information contained therein) relate to Mr. Saylor's role as a testifying, rather than a consulting, expert. Admittedly, the exact timeline as to when Mr. Saylor became a testifying expert remains unclear; even Mr. Saylor cannot definitively state when his role shifted. *See* [Doc. 190-5 at 5:2-23; 5:24-9]. But when "the line between consultant and witness is blurred, the dispute must be resolved in favor of the party seeking discovery." *Com. Money Ctr., Inc.*, 248 F.R.D. at 538; *see also Humana*, 2021 WL 3909906, at

9

*6 ("The fact that [an expert] cannot even say when he was designated as a testifying expert makes it all the more prescient that he cannot be expected to draw a mental line in the sand between information gleaned in an earlier, consulting context and information later learned as a testifying expert.") (quotation and alternation marks omitted).  For these reasons, the court finds that any communications after Mr. Saylor became a testifying expert—i.e., "late May" 2021, [Doc. 190-5 at 6:10-13], must be disclosed to Defendants.

With respect to preventing disclosure of the communications occurring prior to May 2021, Plaintiff "must demonstrate that 'the information considered for consulting expert purposes was not also considered pursuant to the expert's testifying function.'" *Ansell Healthcare*, 2017 WL 6328149, at *2 (quoting *Bro-Tech*, 2008 WL 724627 at *2); *see also B.C.F. Oil*, 171 F.R.D. at 62 (the party seeking documents "should not have to rely on [the opposing party's] representation that these documents were not considered by the expert in forming his opinion.").  And Plaintiff, having not responded to the Motion to Compel, has asserted no argument that the communications or information dated prior to the request for an expert report are clearly distinct from that relied upon by Mr. Saylor in forming his expert opinions.  *See Tyson Foods*, 2009 WL 1578937, at *5 ("A *clear distinction* must be made between documents the expert considered in his role as a consultant and those he considered in his role as a testifying expert.") (emphasis added).

While the court is under no obligation to extensively review the over 1,200 pages of Subject Documents submitted by Plaintiff to ascertain whether they are clearly distinct from the opinions asserted in Mr. Saylor's expert report, *Schlecht v. Lockheed Martin Corp.*, No. 11-cv-03072-RM-BNB, 2014 WL 4819006, at *2 (D. Colo. Sept. 29, 2014), the court has reviewed the Subject Documents generally and finds that they appear to be related to the same subject matter contained in Mr. Saylor's expert report, and further concludes that "it is difficult, if not impossible, to believe

10

that [this information] did not inform the opinions in his [Mr. Saylor's] testifying expert report." *Ansell Healthcare*, 2017 WL 6328149, at \*3. Indeed, courts "have embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, <u>before or in connection with the forming of his opinion if the subject matter relates to the facts or opinions expressed</u>." *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05-cv-80, 2007 WL 1560277, at \*4 (N.D. Ohio May 29, 2007) (emphasis added). Due to the apparent connection between the subject matter in Subject Documents and Mr. Saylor's expert report, disclosure of the remainder of the Subject Documents is appropriate. *See McCormick*, 2015 WL 2345310, at \*3 (ordering disclosure where "there [was] not a clear distinction between [the experts'] consulting role and their testifying role"); *Rio Tinto*, 2021 WL 2186433, at \*7 (S.D.N.Y. May 28, 2021) (ordering disclosure where the party opposing disclosure had not "clearly established" that the expert drew a mental line in the sand "between his expert work in his consulting and testifying capacities").

For all of these reasons, Plaintiff has not met her burden of establishing a privilege under Rule 26(b)(4)(D). And because the court must construe all ambiguities in favor of disclosure, production of the Subject Documents to Defendants is warranted. *McCormick*, 2015 WL 2345310, at \*3; *Ansell Healthcare*, 2017 WL 6328149 at \*2. The Motion to Compel is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that:

(1)     Defendants' Joint Motion to Compel Plaintiff's Expert Documents [Doc. 190] is **GRANTED**;

(2)     Plaintiff is **ORDERED** to **PRODUCE** the entirety of the Subject Documents to Defendants on or before **November 1, 2021**, <u>except any Subject Documents which</u>

11

<u>contain communications between Ms. Curtis and Mr. Limpus and do not include or copy Mr. Saylor</u>, and

(3)    Plaintiff is **ORDERED** to **PRODUCE** any subsequent communications between Ms. Curtis and Mr. Saylor and/or Mr. Limpus and Mr. Saylor that she has in her possession and that are not included in Plaintiff's submission of the Subject Documents on or before **November 1, 2021**.[8]

DATED:  October 28, 2021                              BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[8] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").