### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01873-DDD-NYW

JULIE ADAMS CURTIS,

    Plaintiff,

v.

LEVER UP INC.,
PAKEMS LLC,
CHASEFIELD CAPITAL INC.,
CHASEFIELD REAL ESTATE, LLC,
SCB GLOBAL CAPITAL MANAGEMENT, LLC,
BOCCUS GROUP LLC,
HAROLD PINE,
WALTER VAN WOUDENBERG,
RUSS MATTHEWS,
JORDAN PINE,
KELLIE BEIERS,
SETH EVERSON, and
JOHN DOES 1-10,

    Defendants.

---

### ORDER ON MOTION TO POSTPONE RULING

---

    This matter is before the court on Plaintiff['s] [Motion for] a Temporary Stay to Postpone Rendering Judgment on Defendants' Motion for Summary Judgment in Order to File Motion to Reopen Discovery, File a Supplemental Expert Report, File a Supplemental Response to Plaintiff's Response to Defendants' Motion for Summary Judgment, and Leave to Amend the Complaint (the "Motion" or "Motion to Postpone Ruling") [Doc. 249]. The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 25, 2020 [Doc. 4], and the Order Referring Motion dated March 23, 2022 [Doc. 250]. For the reasons set forth below, the Motion to Postpone Ruling is respectfully **DENIED**.

## BACKGROUND

This court has previously set out the factual and procedural background of this case in detail, *see, e.g.*, [Doc. 155], and will do so here only as necessary to rule on the pending Motion. Plaintiff Julie Adams Curtis ("Plaintiff" or "Ms. Curtis") initiated this civil action on June 25, 2020, [Doc. 1], and filed an Amended Complaint on October 22, 2020, raising eighteen claims against Defendants Lever Up Inc., Pakems LLC, Chasefield Capital Inc., Chasefield Real Estate, LLC, SCB Global Capital Management, LLC, Boccus Group LLC, Harold Pine, Walter Van Woudenberg, Russ Matthews, Jordan Pine, Kellie Beiers, Seth Everson, and ten Doe Defendants (collectively, "Defendants"). [Doc. 78].[1]  Throughout discovery in this case, this court has entertained and granted numerous requests for extensions of time for the Parties to complete discovery-related tasks and has addressed numerous discovery disputes and other discovery-related issues between the Parties. *See, e.g.*, [Doc. 113; Doc. 119; Doc. 120; Doc. 121; Doc. 125; Doc. 133; Doc. 142; Doc. 143; Doc. 157; Doc. 173; Doc. 176; Doc. 179; Doc. 180; Doc. 194; Doc. 205; Doc. 207; Doc. 229]. Discovery in this case closed on September 1, 2021, *see* [Doc. 125 at 2], with limited exceptions for out-of-time depositions.  *See* [Doc. 173 at 11-14; Doc. 185 at 19].

Relevant here, Ms. Curtis alleges in her Amended Complaint that Defendants hacked into her personal computers, devices, and/or accounts through remote means, monitored her emails,

---

[1] Specifically, Plaintiff raises the following claims: (1) violation of the Stored Communications Act; (2) violation of the Federal Wiretap Act; (3) violation of the Computer Fraud and Abuse Act (collectively, the "Computer-Related Claims"); (4) invasion of privacy; (5) gender discrimination in violation of the Colorado Anti-Discrimination Act ("CADA"); (6) aiding and abetting a sexually hostile work environment in violation of CADA; (7) disability discrimination in violation of CADA; (8) retaliation in violation of CADA; (9) wrongful discharge in violation of public policy; (10) outrageous conduct; (11) breach of duty of loyalty; (12) intentional interference with prospective business advantage; (13) conspiracy; (14) intentional interference with contractual relations; (15) defamation; (16) promissory estoppel; (17) breach of covenant of good faith and fair dealing; and (18) alter-ego liability. *See generally* [Doc. 78]. It is not entirely clear which Defendants are subject to each of Plaintiff's substantive claims.  *See generally* [*id.*].

2

accessed her documents, and watched her through the camera of her personal computer. *See, e.g.*, [Doc. 78 at ¶¶ 4, 205-315]. And throughout this litigation, Plaintiff has accused Defendants of continuing to hack into her computers and accounts and deleting her case evidence stored in those devices and accounts. *See, e.g.*, [Doc. 177; Doc. 198; Doc. 212; Doc. 224]; *see also* [Doc. 226 (this court discussing Plaintiff's hacking allegations)].

On December 1, 2021, Defendants filed a Joint Motion for Summary Judgment, seeking judgment in their favor on each of Plaintiff's eighteen claims. [Doc. 219]. After Plaintiff was granted extensions of time, *see* [Doc. 231; Doc. 240], Plaintiff responded to the Motion for Summary Judgment on January 31, 2021. [Doc. 242]. Defendants replied on February 14, 2022, [Doc. 243], and thus, the Motion for Summary Judgment is fully briefed.[2]

On March 22, 2022, Plaintiff filed the instant Motion. [Doc. 249]. Therein, Ms. Curtis requests that the court "postpone rendering judgment on" the Motion for Summary Judgment to permit Plaintiff time to file a motion to re-open discovery, file a supplemental expert report, file a supplemental response to the Motion for Summary Judgment, and file a motion to amend the complaint. [*Id.* at 1].[3] The next day, Defendants filed a response in opposition, arguing that Plaintiff cannot demonstrate that re-opening discovery is warranted. [Doc. 251 at 3].[4] Although

---

[2] On February 21, 2022, Plaintiff filed a motion for leave to file a surreply to the Motion for Summary Judgment. [Doc. 244]. This court granted the motion and accepted the Surreply [Doc. 245] as filed. [Doc. 248]. In so doing, the court expressly "[did] not pass on Plaintiff's assertions that Defendants raise new arguments for the first time in their reply brief," reserving whether the surreply will be considered in issuing a recommendation on the Motion for Summary Judgment. [*Id.*].

[3] The Motion for Summary Judgment was referred to the undersigned Magistrate Judge for recommendation. *See* [Doc. 239]; *see also* 28 U.S.C. § 636(b)(1)(B). Because the instant Motion was also referred to the undersigned, the court construes the instant Motion as requesting that this court delay issuing a recommendation on the Motion for Summary Judgment.

[4] Although Defendants raise arguments concerning the propriety of re-opening discovery, *see* [Doc. 251 at 2-4], the court does not pass on these arguments. Ms. Curtis does not presently seek

the time period permitting the filing of a reply has not yet expired, the court finds that it may rule on the Motion without a reply brief. *See* D.C.COLO.LCivR 7.1(d) (a court may rule on a motion at any time after it is filed).

## ANALYSIS

**I.   Duty to Confer**

The Local Rules of Practice for this District provide that

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR 7.1(a). The purpose of the conferral requirement is to allow the parties to "exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court." *Chapter 1, The Retired Enlisted Ass'n, Inc. v. Auto-Owners Ins. Co.*, No. 14-cv-01905-KLM, 2015 WL 1509749, at *2 (D. Colo. Mar. 30, 2015). To comply with Local Rule 7.1(a), "the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate," *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003), and must "confer about the <u>specifics of a forthcoming motion</u>." *Geiger v. Z-Ultimate Self Def. Studios, LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 3396154, at *3 (D. Colo. May 26, 2015) (emphasis added).

In her Motion, Ms. Curtis provides the following conferral statement, in full:

---

to re-open discovery, instead stating that she intends to move for such relief at a later date. [Doc. 249 at 21-22].

4

> Plaintiff conferred with Defendants' counsel via email on March 22, 2022.  She asked for an explanation as to why a new computer she received after she was fired from her own company, Pakems, was connected to Defendant Chasefield's Sharepoint site and why her computer location is showing as Erie, Colorado (where Defendant Walter van Woudenberg's son lives and over 50 miles from her house) in an effort to determine if there was a plausible explanation and a reason not to file this Motion.  Plaintiff did not receive any explanation, therefore the Motion is appropriate.  The Defendants however oppose her Motion.

[Doc. 249 at 2].  Based on this conferral statement, the court is not persuaded that Ms. Curtis has engaged in "meaningful negotiations" so as to meet her conferral obligations under the Local Rules.  *Hoelzel*, 214 F.R.D. at 635.  First, the conferral statement does not actually represent that Ms. Curtis conferred with defense counsel about the possibility of filing the instant Motion and whether the Motion could be obviated or narrowed by compromise; instead, Plaintiff represents that she asked for an explanation as to why certain technological occurrences were happening on her devices.  Asking about the allegations that eventually became the basis for the Motion does not demonstrate that the Parties actually conferred about the Motion or Plaintiff's requested relief, i.e., the specifics of the motion.  *Geiger*, 2015 WL 3396154, at *3.

Moreover, Ms. Curtis's conferral statement suggests that she sent a singular email to Defendants on the date her Motion was filed.  *See* [Doc. 249 at 2].  While the quality, not quantity, of contacts is the key to compliance with Local Rule 7.1(a), *see Al Muderis v. Hernandez*, No. 1:20-mc-00090-RM, 2021 WL 119348, at *2 (D. Colo. Jan. 13, 2021) ("In judging the reasonableness of the movant's good-faith efforts, the Court looks at more than quantity of contacts, as 'quality of the contacts is far more important.'") (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)), the identification of a single email – without any further description of the communication – does not suffice to comply with Local Rule 7.1(a).  *Hoelzel*, 214 F.R.D. at 636; *see also Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc.*, No. 13-cv-1062 MV/SCY, 2015 WL 11004498, at *2 (D.N.M. Jan. 6, 2015)

5

("While a litigant is not required to nag and harangue a party in an attempt to confer, district court precedent indicates that a good faith attempt to confer requires more than one attempted communication concerning the relevant dispute.").

"A violation of Local Rule 7.1(a) is an independent basis for denial of a motion." *Geiger*, 2015 WL 3396154, at *2.  This is particularly true in this case, where this court and the presiding judge have admonished multiple Parties for failing to meet their conferral obligations.  *See* [Doc. 73 Doc. 179; Doc. 189].  Nevertheless, the court will briefly address the merits of Plaintiff's Motion, as a denial based on a failure to confer "may simply result in [the Motion] being re-filed after counsel engages in further conferral, which would waste the Court's and the parties' resources." *Sparks v. Duncan Race Cars, Inc.*, No. 14-cv-00447-PAB-KLM, 2014 WL 7403382, at *5 (D. Colo. Dec. 29, 2014).  **However, all Parties are ADVISED that compliance with Local Rule 7.1(a) requires *meaningful* negotiations with opposing counsel, aimed at reaching a resolution of the Parties' dispute without court intervention.  Any further motions filed in this case must expressly set forth the "*specific* efforts" undertaken to meet the movant's duty under the Local Rules.  D.C.COLO.LCivR 7.1(a) (emphasis added).  Any further motions which do not comply with Local Rule 7.1(a) may be summarily denied without substantive consideration by the court.**

## II.      Plaintiff's Request to Postpone Ruling

Ms. Curtis requests that the court postpone issuing a Recommendation on the Motion for Summary Judgment to permit her additional time to file multiple motions and supplemental documents in this case.  [Doc. 249 at 1].  For a number of reasons, the court concludes that the Motion must be denied.

*First*, Plaintiff provides no legal basis for, and cites no legal authority in support of, her Motion. *See generally* [*id.*]. The Local Rules require that all motions "involving a contested issue of law shall state under which rule or statute it is filed and [shall] be supported be a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). The failure to support a motion with legal authority is a sufficient basis for denial of a motion. *Topp v. Lone Tree Athletic Club*, No. 13-cv-01645-WYD-KLM, 2014 WL 12772261, at *1 (D. Colo. Mar. 21, 2014).

*Second*, insofar as Ms. Curtis's Motion can be construed as seeking relief under Rule 56(d) of the Federal Rules of Civil Procedure, the Motion fails to comply with the requirements of the Rule. Rule 56(d) provides that if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may (1) defer consideration of or deny the summary judgment motion; (2) allow time for further discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d)(1)-(3). Thus, a Rule 56(d) motion must be accompanied by an affidavit. *Schwartz v. Booker*, No. 09-CV-00915-WJM-KMT, 2014 WL 4056542, at *2 (D. Colo. Aug. 14, 2014). Plaintiff has not filed any declaration or affidavit in support of her Motion. *See* [Doc. 249; Doc. 249-1; Doc. 249-2]. "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56[(d)] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986); *see also Wells v. Krebs*, 432 F. App'x 724, 726 (10th Cir. 2011).

"The policy behind Rule 56(d) is to safeguard against an 'immature or improvident grant of summary judgment where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Wagner Equip. Co. v. Wood*, No. CIV. 11-466

7

MV/ACT, 2012 WL 988022, at *5 (D.N.M. Mar. 20, 2012) (quoting *Gulfstream Worldwide Realty, Inc. v. Philips Elecs. N.A. Corp.*, No. CIV 06-1165, 2007 WL 5685127, *7 (D.N.M. Oct. 19, 2007)) (alteration marks omitted).  To that end, a party seeking to postpone a ruling on a summary judgment motion must "state with specificity how the additional material will rebut the summary judgment motion." *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).  Here, Plaintiff has not done so.  *See* [Doc. 249 at ¶ 6] (stating only that "it is appropriate to consider [the purported new evidence] in opposition to Defendants' Motion for Summary Judgment").

***Third***, it appears that Plaintiff's Motion is untimely.  Indeed, courts regularly hold that a Rule 56(d) motion or affidavit must be filed when the non-movant responds to the subject summary judgment motion.  *See, e.g.*, *Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013) (the non-movant must "stake [her] claim to protection under Rule 56(d) at the time [she] responds to the summary judgment motion"); *Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (affirming denial of Rule 56(d) motion as untimely where the motion was filed "more than three months after [the movants] had filed their factually detailed response opposing summary judgment"); *Whelehan v. Bank of Am. Pension Plan for Legacy Companies-Fleet-Traditional Benefit*, No. 6:12-cv-6279 MAT, 2014 WL 4285028, at *2 (W.D.N.Y. Aug. 29, 2014), *aff'd*, 621 F. App'x 70 (2d Cir. 2015) ("The deadline for filing a Rule 56(d) affidavit is long past; any such affidavit should have been filed by Plaintiff in opposition to Defendants' summary judgment motion."); *Montano v. Centurion Corr. Healthcare of N.M., LLC*, No. CV 15-415 KG/LF, 2019 WL 3415562, at *2 (D.N.M. July 29, 2019) (denying belated Rule 56(d) motion as untimely). Plaintiff did not invoke Rule 56(d) in her Response to the Motion for Summary Judgment, *see*

[Doc. 242], and she has cited no legal authority establishing that she may do so now.[5] In sum, the court finds no basis to postpone any recommendation on the Motion for Summary Judgment. Accordingly, the Motion to Postpone Ruling is respectfully **DENIED**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff['s] [Motion for] a Temporary Stay to Postpone Rendering Judgment on Defendants' Motion for Summary Judgment in Order to File Motion to Reopen Discovery, File a Supplemental Expert Report, File a Supplemental Response to Plaintiff's Response to Defendants' Motion for Summary Judgment, and Leave to Amend the Complaint [Doc. 249] is **DENIED**.[6]

DATED: April 5, 2022

BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States Magistrate Judge

---

[5] While Plaintiff asserts that she has discovered some new evidence since she filed her Response on January 31, 2022, *see, e.g.*, [Doc. 249 at ¶¶ 6-9, 12-13], she also bases her Motion on purported evidence that she apparently had in her possession prior to filing her Response. *See, e.g.*, [*id.* at ¶¶ 1-6]. But even assuming the Motion is timely with respect to the purported new evidence, Plaintiff has nevertheless not demonstrated that "[she] cannot present facts essential to justify [her] opposition" to the Motion for Summary Judgment. Fed. R. Civ. P. 56(d).

[6] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").